

# United States of America

## DEPARTMENT OF THE ARMY

| Washington, DC | 20 July 2007 |
|---|---|
| PLACE | DATE |

I HEREBY CERTIFY that the attached constitute true and accurate copies of files pertaining to Christopher M. Chambers, a former member of the United States Army; that the Official Military Personnel File (OMPF) are maintained by the U.S. Army Human Resources Command, St. Louis, Missouri; and copies of the board proceedings from the Army Board for Corrections of Military Records (ABCMR) are maintained in Arlington, Virginia; and copies of records from the U.S. Army Forces Command-Alexandria, Alexandria, VA. The original personnel records and copies of other records are presently in the official temporary custody of the Military Personnel Litigation Branch, Litigation Division, Office of the Judge Advocate General of the Army.

TRACY A GLOVER
Lieutenant Colonel, U.S. Army
Chief, Military Personnel Litigation Branch

I HEREBY CERTIFY that Lieutenant Colonel Tracy A. Glover _____, who signed the foregoing certificate, is the Chief of the Military Personnel Branch, Litigation Division, Office of the Judge Advocate General of the Army _____, and that full faith and credit should be given to *her* certification.

IN TESTIMONY WHEREOF I, Joyce E. Morrow _____,

The Administrative Assistant to the Secretary of the Army, have hereunto caused the seal of the Department of the Army to be affixed this 20th day of July 2007



By Richard Q. Hatch, *Principal Deputy Assistant.*

RICHARD Q. HATCH
COLONEL, U.S. ARMY
CHIEF, U.S. ARMY LITIGATION DIVISION

FEB 1998    EDITION OF 1 MAR 66 IS OBSOLETE    APD PE v1.10

# ADMINISTRATIVE RECORD INDEX
## CHAMBERS, Christopher M. v. Francis J. Harvey, et al.

| | | |
|---|---|---|
| Tab 1 | (ABCMR) Decision Memoranda and Record of Proceedings, dated March 14, 2006 | Pages 000001 - 000008 |
| Tab 2 | Letter from ARBA responding to Plaintiff request for re-consideration of previously denied application dated June 8, 2005 | Pages 000009 - 000009 |
| Tab 3 | Plaintiff's Request for Further Consideration dated April 11, 2005 | Pages 000010 - 000037 |
| Tab 4 | (ABCMR) Decision Memoranda and Record of Proceedings, dated October 8, 2004 | Pages 000038 - 000046 |
| Tab 5 | (ARBA) Memorandum dated December 9, 2003, responding to Plaintiff concerning his previously submitted application | Pages 000047 - 000047 |
| Tab 6 | Plaintiff's Request for Further Consideration dated November 13, 2003 | Pages 000048 – 000092 |
| Tab 7 | Memorandum from US Army Total Personnel Command, to Plaintiff, RE: SSB Decision, dated January 10, 2003 | Pages 000093 - 000093 |
| Tab 8 | (ARBA) Memorandum thru US Army Total Personnel Command, to ARBA Support Division, RE: ABCMR Proceedings dated 8 February 2002 | Pages 000094 - 000094 |
| Tab 9 | (ABCMR) Decision Memoranda and Record of Proceedings, dated January 29, 2002 | Pages 000095 - 000107 |
| Tab 10 | ARBA Memorandum to Plaintiff, dated April 26, 2001 acknowledging receipt of application dated March 29, 2001 | Pages 000108 - 000108 |
| Tab 11 | Plaintiff's Application for Correction of Military Record under the Provisions of Title 10 U.S. Code, Section 1552, dated March 29, 2001 | Pages 000109 - 000115 |
| Tab 12 | Memorandum from US Army Total Personnel Command, to Plaintiff, RE: Selective Continuation on Active Duty dated July 18, 2000 | Pages 000116 - 000118 |
| Tab 13 | Plaintiff's Officer Evaluation Report (OER) Appeal to Total Army Personnel Command, dated June 23, 2000 | Pages 000119 – 000131 |
| Tab 14 | Memorandum from US Army Total Personnel Command, to Plaintiff, RE: Request for Promotion Reconsideration, dated February 28, 2000 | Pages 000132 - 000138 |
| Tab 15 | Plaintiff's Request for Special Selection Board Promotion Reconsideration, dated September 8, 1999 | Pages 000139 – 000142 |
| Tab 16 | Official Military Personnel, OMPF | Pages 000143 - 000236 |

1



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

SFMR-RBR                                                    March 14, 2006

MEMORANDUM FOR US ARMY REVIEW BOARDS AGENCY SUPPORT DIVISION,
ST. LOUIS (SFMR-RBR-SL), 9700 PAGE AVENUE, ST. LOUIS, MO  63132-5200

SUBJECT:  Army Board for Correction of Military Records Record of Proceedings
for Chambers, Christopher M., SSN ▓▓▓▓▓▓▓, AR20050008844

The application submitted by the individual concerned has been denied by the Army
Board for Correction of Military Records.

Encl                                          Carl W. S. Chun
                                      Director, Army Board for Correction
                                              of Military Records

CF:
(  )OMPF
(  )

Printed on  Recycled Paper



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

March 14, 2006

AR20050008844, Chambers, Christopher M.

MAJ Christopher M Chambers
c/o Mr. Gary Myers
Attorney at Law
78 Clarke Mill Road
Wearne NH  03281

Dear Major Chambers:

    I regret to inform you that the Army Board for Correction of Military Records denied your application.

    The Board considered your application under procedures established by the Secretary of the Army.  I enclose a copy of the Board's Record of Proceedings.  This decision explains the Board's reasons for denying your application.

    This decision in your case is final.  You may request reconsideration of this decision within one year only if you can present new evidence or argument that was not considered by the Board when it denied your original application.

                  Sincerely,

## Signed

              Carl W. S. Chun
       Director, Army Board for Correction
            of Military Records

Enclosure

Printed on   Recycled Paper



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

<u>RECORD OF PROCEEDINGS</u>

IN THE CASE OF:    CHAMBERS, CHRISTOPHER M.

BOARD DATE:        7 March 2006
DOCKET NUMBER:   AR20050008844

    I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

| | |
|---|---|
| Mr. Carl W. S. Chun | Director |
| Mr. Joseph A. Adriance | Analyst |

The following members, a quorum, were present:

| | |
|---|---|
| Mr. James E. Anderholm | Chairperson |
| Mr. Thomas H. Reichler | Member |
| Mr. Scott W. Faught | Member |

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

ABCMR Record of Proceedings (cont)                    AR20050008844

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1.  The applicant requests, in effect, reconsideration of his request for promotion reconsideration by a Special Selection Board (SSB).

2.  The applicant arguments and supporting documents are provided by counsel.

COUNSEL'S REQUEST, STATEMENT AND EVIDENCE:

1.  Counsel requests, in effect, that the applicant be reconsidered for promotion by a new SSB, and if promotion is denied, that he be provided the rationale for his non-selection.

2.  Counsel states, in effect, that based on a recommendation of the Army Board for Correction of Military Records (ABCMR), the applicant's corrected records were sent to an SSB for promotion reconsideration under the criteria used by the Fiscal Year (FY) 2000 Lieutenant Colonel (LTC) Promotion Selection Board (PSB).  The applicant was notified that he was not selected for promotion by the SSB in an Army Personnel Command (PERSCOM), now known as Army Human Resources Command (HRC), memorandum that simply stated that "Regretfully, the board did not recommend you for promotion".  Counsel claims this is insufficient rationale because the reasons for the denial are unknown and opaque to scrutiny by the ABCMR, the applicant or a Federal court upon judicial review.

3.  Counsel claims that in the opinion of the Federal District Court for the District of Columbia, as outlined in two cases provided, a supplemental board must provide a rationale for its decision.  He claims no rationale was provided by the SSB in the applicant's case and as a result the SSB results were defective.  Counsel further claims that the applicant is entitled to a new SSB where, if denied, a rationale is provided for the denial.

4.  Counsel provides the PERSCOM SSB denial memorandum and the two court opinions he cites in his statement in support of the application.

2

ABCMR Record of Proceedings (cont)                    AR20050008844

CONSIDERATION OF EVIDENCE:

1. Incorporated herein by reference are military records which were summarized in the previous considerations of the applicant's case by the ABCMR in Docket Number AR2001056368 on 29 January 2002 and in Docket Number 2003099314 on 28 September 2004.

2. In his first application to this Board, the applicant requested that an Officer Evaluation Report for the period 7 May 1996 through 9 May 1997 be made a part of his record, and that his record be placed before a SSB for reconsideration for promotion to LTC under the criteria used by the FY 2000 PSB. The Board found merit in the applicant's case and recommended the requested relief be granted.

3. On 10 January 2003, the Deputy Chief, Promotion Branch, PERSCOM notified the applicant that he had been reconsidered for promotion by a Department of the Army (DA) SSB under the same criteria and instructions established for the regularly constituted FY 2000 LTC PSB that recessed on 30 March 1999. This official further stated that "Regretfully, the board did not recommend you for promotion. Your promotion status as determined by the regularly constituted board remains unchanged".

4. In his second application to this Board, the applicant again requested promotion reconsideration to LTC by a SSB under the criteria used by the FY 2000 PSB because his Officer Records Brief (ORB) did not reflect that he had been redesignated into Functional Area 49 (Operations Research/Systems Analysis). The Board found insufficient evidence to support granting the requested relief.

5. Counsel now provides two court decisions on United States Air Force (USAF) officers given in the United States District Court for the District of Columbia. In the first case, a USAF LTC filed suit seeking a direct appointment to the War College. The court denied the plaintiff's request for a direct appointment to the War College, and granted the plaintiff's request for a reasoned decision from the SSB that reconsidered his request to attend the senior service school.

6. In the second court case, a USAF LTC filed suit challenging the USAF's refusal to promote him to colonel. The court found it was powerless to act on the plaintiff's request for direct promotion, and that the authority to promote him rested exclusively with the USAF. However, it did remand the case to the USAF, which it indicated was free to reaffirm its previous decision to keep the plaintiff at his present rank; however, in order to do so, the USAF would have to articulate its reasons for leaving him there.

3

ABCMR Record of Proceedings (cont)                           AR20050008844

7. The United States Court of Appeals for the Federal Circuit held in
Richey v. United States, 322 F .3d 1317 (2003) (at 1326) that the courts "could
not require SSBs to meet additional reporting requirements beyond those that
were mandated by the statute." The court further held that absent record
evidence to rebut the presumption of regularity suggesting the agency's decision
was arbitrary or capricious, the agency or SSB is not required to provide an
explanation of its decision.

8. Army Regulation 600-8-29 (Officer Promotions) prescribes the Army's officer
promotion policy. This regulation stipulates that one of the following methods of
selection as directed in the MOI will be used by PSBs:

    (a) The "fully qualified" method when the maximum number of officers to
be selected, as established by the Secretary, equals the number of officers
above, in, and below the promotion zone. Although the law requires that officers
recommended for promotion be "best qualified" for promotion when the number
to be recommended equals the number to be considered, an officer who is fully
qualified for promotion is also best qualified for promotion. Under this method, a
fully qualified officer is one of demonstrated integrity, who has shown that he or
she is qualified professionally and morally to perform the duties expected of an
officer in the next higher grade. The term "qualified professionally" means
meeting the requirements in a specific branch, functional area, or skill.

    (b) The "best qualified" method when the board must recommend fewer
than the total number of officers to be considered for promotion. However, no
officer will be recommended under this method unless a majority of the board
determines that he or she is fully qualified for promotion. As specified in the MOI
for the applicable board, officers will be recommended for promotion to meet
specific branch, functional area or skill requirements if fully qualified for
promotion.

9. Chapter 7 of the officer promotions regulation contains guidance on SSBs. It
states that SSBs are governed by the same instructions provided to the boards
that considered or should have considered an officer for promotion. Paragraph
7-4 contains guidance on SSB notification. It states that officers considered or
reconsidered by an SSB will be informed of the results, in writing, through their
chain of command. Notice will be sent on approval of the board's
recommendations by the appropriate authority.

4

00006

ABCMR Record of Proceedings (cont)                                    AR20050008844

DISCUSSION AND CONCLUSIONS:

1. Counsel's contention that the applicant is entitled to promotion reconsideration by a second SSB because he was not provided a full explanation of why he was not selected by the SSB in 2003, and the supporting evidence he provided, were carefully considered. However, the evidence submitted provides an insufficient evidentiary basis to support granting the requested relief.

2. By regulation, PSBs will base their recommendations on impartial consideration of all officers in the zone of consideration as instructed in the MOI provided them by the Secretary of the Army. PSBs select officers for promotion using either the "fully qualified" or "best qualified" method. The "fully qualified" method is used when the maximum number of officers to be selected equals the number of officers in the zones of consideration. The "best qualified" method is used when the PSB must recommend fewer than the total number of officers to be considered for promotion.

3. In the applicant's case, the "best qualified" method was used, and in the collective judgment of both the original PSB members and the SSB members that considered his record, he was not found to be among the "best qualified" officers based on the criteria established by the Secretary of the Army MOI.

4. The governing regulation also requires PSB members to keep confidential their reasons for recommending or not recommending any officer considered. As a result, the specific reasons for the applicant's non-selection were not provided and are not available. However, there is a rational explanation for his non-selection, which is that in the collective best judgment of the PSB and SSB members, although he was fully qualified, he simply was not competitive with those officers in the zones of consideration who were selected for promotion under the "best qualified" method.

5. In view of the facts of this case, it is clear the applicant was fully and fairly considered for promotion by the SSB that reviewed his records for promotion. Further, the promotion non-selection notification he received was the same that is provided to every officer who is not selected for promotion. There was no evidence of irregularity in the SSB proceedings, nor is there evidence the applicant has been denied discovery concerning the record before the SSB. As a result, notwithstanding the court decisions rendered on the USAF officers provided by counsel, there does not appear to be any error or injustice related to either the promotion consideration or non-selection notification processes in this case. Thus, there is an insufficient evidentiary basis to amend the original Board decision in his case.

5

ABCMR Record of Proceedings (cont)                    AR20050008844

BOARD VOTE:

_____  _____  _____  GRANT FULL RELIEF

_____  _____  _____  GRANT PARTIAL RELIEF

_____  _____  _____  GRANT FORMAL HEARING

_____/////_____  ____/w/____  ___A___  DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

The evidence presented does not demonstrate the existence of a probable error
or injustice. Therefore, the Board determined that the overall merits of this case
are insufficient as a basis to amend the decision of the ABCMR set forth in
Docket Number AR2003099314, dated 28 September 2004.

CHAIRPERSON

6

**2**



**DEPARTMENT OF THE ARMY**
ARMY REVIEW BOARDS AGENCY
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

June 8, 2005

SFMR-RBR-QC/lab
CHAMBERS, Christopher
Q20050001180

Mr. Gary Myers
Attorney-at-Law
78 Clark Mill Road
Weare, NH 03281

Dear Mr. Myers:

I am responding to your recent letter on behalf of Mr. Christopher Chambers, requesting reconsideration of a previously denied application. My office provides support to the Army Board for Correction of Military Records (ABCMR).

Your letter and correspondence are being forwarded to the ABCMR for processing. The ABCMR will determine the merits of Mr. Chambers' request and you will be notified of the outcome. Please note that the ABCMR works its cases on a first in first out basis and strives to complete each case within 10 months of its date of receipt.

I trust this information is helpful.

Sincerely,

Rick A. Schweigert
Chief, Congressional and Special Actions

Printed on ♻ Recycled Paper

00009

**3**

Reply to:
78 Clark Mill Road
Weare, NH 03281
800-355-1095
603-529-3466
fax 529-3009

## Gary Myers & Associates
### Attorneys-at-Law

Washington, D.C.
202-867-8465
800-355-1095
email: grmyers44@aol.com

Gary R. Myers
Admitted in the
District of Columbia

11 Apr 05

MEMORANDUM FOR:     ABCMR
1901 South Bell Street, 2nd Floor
Arlington, VA 22202-4508

SUBJECT:     Request for Further Consideration
ICO Christopher M. Chambers
Docket No. 2001056368

1.     This firm represents Christopher M. Chambers (hereafter "Applicant.")

2.     On 29 Jan 02 the Board granted relief to Applicant by sending his corrected records
to an SSB for consideration for promotion to LTC by the FY00 Lieutenant Colonel,
Army Promotion Selection Board, that recessed on 30 Mar 99.

3.     On 10 Jan 2003 Applicant was informed that he was nonselected.  No rationale of
any kind was provided for the nonselection.  TAB A.  PERSCOM merely said,
"Regretfully, the board did not recommend you for promotion."

4.     This is an insufficient rationale.  The reasons for the denial are unknown and
opaque to scrutiny by this Board, Applicant or a federal court upon judicial review.

5.     At TAB B is the opinion of the Federal District Court for the District of Columbia
in <u>Homer v. Roche</u>, 226 F. Supp 2d 222 (D.D.C. 2002.)

6.     At TAB C is the opinion of the same court in <u>Miller v. Roche</u>, Civil Action No. 03-
1742 (RMC) (D.D.C. 2004).

Chambers, Christopher
Suspense Date: 2005/06/20
G020050001180     Receipt Date:     2005/04/27

Chambers, Christopher, M
Assigned To:  Cooper, Wanda
I20050008932     Receipt Date: 2005/04/27

R Coombs

7.  These cases were litigated by counsel here. Standing alone or taken together they stand for the proposition that a supplemental board must provide a rationale for its decision. No rationale was provided in Applicant's case. The proceedings were, therefore, defective.

8.  Applicant is entitled to a new supplemental board where, if denied, a rationale is provided for that denial.

9.  Relief should be granted.

Respectfully submitted,

Gary Myers

2

00011



**DEPARTMENT OF THE ARMY**
U.S. TOTAL ARMY PERSONNEL COMMAND
ALEXANDRIA VA
22332-0443

REPLY TO
ATTENTION OF

TAPC-MSP-S

1 0 JAN 2003

MEMORANDUM FOR Major Christopher M. Chambers, ████████, 219 Clove Road, Salsbury Mills, NY  12557

SUBJECT:  Correction of Military Records

1.  This is in further reply to your request for correction of your Army records.

2.  You were reconsidered for promotion to lieutenant colonel by a Department of the Army Special Selection Board under the same criteria and instructions established for the regularly constituted FY00 Lieutenant Colonel, Army Promotion Selection Board that recessed on 30 March 1999.

3.  Regretfully, the board did not recommend you for promotion. Your promotion status as determined by the regularly constituted board remains unchanged.

4.  Point of contact is Mrs. Pat Carroll, Promotions Branch, DSN 221-9216 or commercial (703) 325-9216.

FOR THE COMMANDER:

JOE M. LOZANO
Deputy Chief
Promotions Branch

CF:
OSA, ABCMR
TAPC-OPE-IN

13 Nov 03

A

00012

Printed on ♲ Recycled Paper

04/11/2005 08:18 FAX 603 748            CIS                                    ☑001

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**FILED**

OCT 2 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

|  |  |
|---|---|
| ARTHUR R. HOMER, | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    Civil Action No. 02-0381 (ESH) |
| | ) |
| JAMES G. ROCHE, | ) |
| Secretary of the Air Force, | ) |
| | ) |
| Defendant. | ) |

### MEMORANDUM OPINION

Before the Court are plaintiff's motion for summary judgment and defendant's motion to dismiss, or in the alternative, for summary judgment. Plaintiff Arthur R. Homer invokes the Administrative Procedure Act ("APA"), 5 U.S.C. § 702 et seq., to challenge the Air Force's refusal to promote him to the rank of colonel. While the Court is without jurisdiction to grant plaintiff the main relief that he seeks – direct promotion – the Court may review the Air Force decisions at issue here under the familiar "arbitrary and capricious" standard and order relief short of promotion. *See* 10 U.S.C. § 628(g)(2); 5 U.S.C. §706(2)(A). After engaging in such an evaluation, the Court finds that the Air Force has not provided an adequate explanation for its repeated decisions to deny plaintiff's bid for promotion. The Court is therefore unable to determine whether that decision was both reasonable and based on "substantial evidence." Accordingly, the case must be remanded in order to allow defendant to supply this heretofore missing rationale. On remand, the Air Force of course remains free to refuse to promote plaintiff once again, but this time will have to explain its actions.



24

B

00013

# BACKGROUND

Plaintiff is a Lieutenant Colonel ("Lt. Col.") in the United States Air Force on active duty serving as a chaplain. Between 1988 and 1991, he was stationed at Aviano Air Base, Italy. During this time period, he received four Officer Performance Reports ("OPRs")[1]. The first three were authored by Colonel Raymond Greco. In March 1993, plaintiff requested that the Air Force's Officer Personnel Records Review Board ("OPRRB") remove two of the three OPRs written by Colonel Greco on grounds that the rater harbored a personal bias against plaintiff, which infected those OPRs, and caused them not to reflect accurately plaintiff's job performance. (Administrative Record ["A.R."] 13.) This request was granted and the offending OPRs were expunged from plaintiff's record. (A.R. 5.)

In July 1991, Plaintiff was reassigned from Aviano to Lowry Air Force Base. While at Lowry, he received three additional OPRs, two of which were written by Colonel Keith Lewis. In May 1995, plaintiff requested that two of the OPRs authored by Colonel Lewis be removed from his record and that his Performance Recommendation Form ("PRF") be replaced with a new one that changed his status from "Promote" to "Definitely Promote." (A.R. 44.) These requests were also granted, thus bringing the total number of OPRs expunged from his record to four.[2]

---

[1] An OPR is an evaluation of an Air Force officer's performance consisting of a form and comments section providing a record of approximately one year of military service.

[2] The OPR's removed from plaintiff's record covered the following periods of service:

  February 5, 1989 to February 4, 1990
  February 5, 1990 to October 3, 1990
  July 2, 1991 to July 1, 1992
  July 2, 1992 to June 7, 1993.

2

00014

Previously, in March 1995, plaintiff had been considered, but not selected, for a
promotion to colonel by the Air Force's regularly constituted promotion board. (Compl. ¶ 7;
A.R. 5.) After this denial, however, the Air Force convened a Special Selection Board ("SSB")
in order to reevaluate plaintiff's bid for promotion. Under military law, the Secretary for the Air
Force may convene an SSB where an officer is considered but not selected for promotion by a
promotion board, and the Secretary determines that "the board did not have before it for its
consideration material information." 10 U.S.C. § 628(b)(1)(B). This was so in plaintiff's case
because of the four OPRs that had been expunged from his record.

Nevertheless, on July 31, 1995, the SSB denied plaintiff's promotion. (A.R. 5.) In 1996,
plaintiff appealed that decision to the Air Force Board for Correction of Military Records ("the
Board") and requested a direct promotion to colonel. (A.R. 4.) The Board found evidence of
"probable error or injustice" with respect to plaintiff's PRF, noting that when plaintiff's
application was considered by the SSB, the revised PRF listed a group size of one. That figure
would connote that plaintiff had been given his "Definitely Promote" recommendation out of a
candidate pool of one, rather than six, as his original (unrevised) PRF had indicated. To correct
this error, the Board ordered that the form be amended to show a group size of six. While it took
this action favorable to plaintiff, the Board declined to promote plaintiff directly. It reasoned as
follows:

> The applicant's situation, while unfortunate, in and of itself, does not
> warrant a direct promotion by this Board. We believe it must be noted
> that based on the limited number of promotion vacancies available for
> chaplains to colonel, the selection process is highly competitive and
> there is no guarantee the applicant would have been promoted under
> any circumstances. In view of the fact that the applicant did have two
> OPRs in the file documenting his performance as a lieutenant colonel,
> as well as all the performance reports documenting his earlier
> performance; the action of the ERAB to substitute a DP

3

00015

> recommendation for the CY 95A selection board; and the action we
> propose to further correct the contested PRF to show he did not receive
> the DP recommendation in isolation, *i.e.*, that his review group size
> was "6," it is our opinion that a duly constituted selection board would
> have at its disposal an adequate record to make a reasonable and fair
> determination concerning the applicant's potential to serve in the
> higher grade in retaliation to his peers.  Based on the foregoing, we are
> not inclined to usurp the discretionary authority of a duly constituted
> selection board.

(A.R. 7.)  Accordingly, a new SSB was convened in order to evaluate plaintiff's corrected record.

This board met in September 1998, and once again voted to deny promotion.

     Plaintiff appealed this denial to the Board.  By a divided vote, the Board rejected

plaintiff's appeal, finding an "absence of clear-cut evidence indicating that the applicant was not

afforded full and fair consideration for promotion to the grade of colonel by a duly constituted

SSB, or that he was treated differently than other similarly situated individuals."  (A.R. 92-93.)

Based on this conclusion, the Board found no basis on which to grant plaintiff's request for a

direct promotion.  (A.R. 94.)  Plaintiff now seeks review of these decisions in this Court.  He has

asked that the Court order his promotion to colonel and for such other relief as may be

appropriate under the circumstances.  (Compl. ¶ 16.)

## DISCUSSION

A.    *Jurisdiction and Standard of Review*

     Before addressing the merits, the Court must determine whether it has jurisdiction to hear

this case at all.  To this end, defendant relies on *Kreis v. Secretary of the Air Force*, 866 F.2d

1508 (D.C. Cir. 1989), to argue that challenges to military decisions not to promote officers are

nonjusticiable in the federal courts.  (Def.'s Opp. to Pl.'s Cross Motion for Summary Judgment,

at 8.)  This argument has only limited merit.  To be sure, *Kreis* holds that a request for retroactive

4

promotion "falls squarely within the realm of nonjusticiable military personnel decisions." 866

F.2d at 1511. Thus, the Court is powerless to act insofar as plaintiff asks that the Court order his

promotion to the rank of colonel. The authority to make that decision lies exclusively with the

Air Force. However, it does not follow that plaintiff's entire complaint must therefore be

dismissed on jurisdictional grounds.

Very recently, in late 2001, Congress amended the statute governing special selection

boards to include a specific provision authorizing judicial review of SSB decisions. *See* Pub. L.

No. 107-107, § 503(b) (Dec. 28, 2001). This provision allows a federal court to "review the

action of a special selection board . . . or an action of the Secretary of the military department

concerned on the report of such a board" and to "set aside" such action if the court finds that it

was, *inter alia,* "arbitrary and capricious" or not "based on substantial evidence." 10 U.S.C.

§ 628(g)(2). While the Court does not read this statute as overruling *Kreis'* holding that claims

for retroactive promotion are nonjusticiable, the enactment of § 628(g)(2) undoubtedly validates

that portion of *Kreis* in which the D.C. Circuit concluded that challenges to military promotion

decisions in which the plaintiff merely challenges the military's justification for its refusal to

promote lie within the power of the federal courts to adjudicate. *See* 866 F.2d at 1511-12.

In this regard, the amendment clarified the law more than it changed it. For the standard

adopted by § 628(g) largely echoes that found in the APA, on which cases such as *Kreis* had long

relied as a basis for reviewing military personnel actions. *See* 866 F.2d 1514-15 (holding that in

exercising its discretion in regard to promotion decisions, the military must "give a reason that a

court can measure, albeit with due deference, against the arbitrary and capricious standard of the

APA"); *see also Cone v. Caldera,* 223 F.3d 789, 793 (D.C. Cir. 2000) (noting that the

application of that standard in the military context must be "unusually deferential"); *Chandler v.*

5

00017

*United States Air Force*, 255 F.3d 919, 920-21 (8th Cir. 2001); *Roetenberg v. Sec'y of the Air Force*, 73 F. Supp.2d 631, 636 (E.D. Va. 1999). Thus, the Court undoubtedly has jurisdiction to consider plaintiff's claims insofar as he seeks a remedy other than direct promotion to the rank of colonel. In conducting this inquiry, whether under § 628(g) or the APA, the Court is charged with evaluating the Air Force's explanations for refusing to promote plaintiff in order to ensure that the military's decisions were reasonable. The role of the courts engaged in such review is limited, but important: "we require only that the agency exercise its discretion in a reasoned manner, but defer to the agency's ultimate substantive decision." *Kreis*, 866 F.2d at 1512.

### B.    *Legal Analysis*

The above discussion makes clear that the Court's inquiry in this case focuses not on whether the Air Force was substantively correct not to promote plaintiff, but rather on whether the defendant's explanations for that choice demonstrate that defendant permissibly exercised its discretion and made a choice that is supported by at least substantial evidence. Thus, to prevail here, the Air Force "must give a reason that the Court can measure, albeit with due deference," against the standard of the APA. *Kreis*, 866 F.2d at 1514-1515. Unfortunately, on the basis of the record before the Court, defendant has provided no such explanation; indeed, the Court can find no affirmative reason for why plaintiff was not selected for promotion.

The closest statement resembling an explanation is the Board's observation that "the selection process is highly competitive and there is no guarantee that the applicant would have been promoted under any circumstances." (A.R. 7.) However, merely pointing out that the selection process was competitive provides no actual reason for denying a promotion to any particular candidate. Indeed, this justification only highlights the Air Force's failure to identify

6

04/11/2005  08:20 FAX 603 746    0    CIS    ☑ 007

the substantive criteria that were used in that process and to explain the reasons that plaintiff did not satisfy those criteria. This absence leaves the Court to guess whether the two SSBs denied plaintiff's promotion because of the missing OPRs (as plaintiff intimates), or because there were others more qualified (as defendant implies but does not support), or for some other reason (whether permissible or impermissible) that cannot be discerned from the record. The Air Force's silence is especially troubling in light of the fact that it nowhere responds to the evidence in the record that was favorable to plaintiff's bid for promotion – specifically, the "definitely promote" recommendation on plaintiff's July 1995 PRF (A.R. 74), and the numerous letters that plaintiff submitted from other officers and civilians who had first-hand knowledge of his work and professional demeanor. (A.R. 99-105.)

Instead of confronting this evidence and explaining the Air Force's case for non-promotion, the Board cursorily rejected plaintiff's appeal on the grounds that it did not wish to "usurp the discretionary authority of a duly constituted selection board." A.R. 4. That is its privilege, but in the absence of any explanation of how that selection board exercised its authority and reached its ultimate decision, the Court cannot find that the SSB acted in a non-arbitrary fashion in declining to promote plaintiff or that the decision was based on substantial evidence. To approve that decision in the absence of any indication as to how it was made would effectively sap the review specifically authorized by § 628(g) of any meaningful content. The Court's role here may be limited, but it is not that of a rubber stamp. The military's discretion may be broad, but, as the statute plainly indicates, it is not boundless.

On this record, then, the Court concludes that defendant has failed to supply any "rational connection between the facts found and the choice made." *Frizelle v. Slater*, 111 F. 3d 172, 176-77 (D.C. Cir. 1997) (quoting *Motor Vehicle Mfrs. Ass'n, v. State Farm Mut. Auto. Ins.*, 463

7

00019

U.S. 29, 43 (1983)). While a court must "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned," *State Farm*, 463 U.S. at 43, in the present case the road between plaintiff's record and the Air Force's decision not to promote him is entirely opaque. Because the Court has no basis on which to determine whether the Air Force's decision was a proper exercise of its discretion, it will remand the case to allow defendant to supply this missing explanation. On remand, the Air Force is of course free to reaffirm its previous decision to keep plaintiff at his present rank. In order to do so, however, it will have to articulate its reasons for leaving him there. *See Kreis*, 866 F.2d at 1512 (in such cases, the military must "explain more fully the reasoning behind [its] decision").

## CONCLUSION

For these reasons, plaintiff's motion for summary judgment is granted in part, defendant's motion is denied, and this matter is remanded to the Air Force for further proceedings consistent with this Memorandum Opinion.

*Ellen S Huck*

ELLEN SEGAL HUVELLE
United States District Judge

Dated: October 22, 2002

8

00020

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED

OCT 2 2 2002

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

ARTHUR R. HOMER,                    )
                                    )
            Plaintiff,              )
                                    )
      v.                            )        Civil Action No. 02-0381 (ESH)
                                    )
JAMES G. ROCHE,                     )
Secretary of the Air Force,         )
                                    )
            Defendant.              )
                                    )

## ORDER

This matter is before the Court on defendant's motion to dismiss or, in the alternative, for

summary judgment, and plaintiffs' motion for summary judgment. For the reasons stated in the

Court's accompanying Memorandum Opinion, it is hereby

    **ORDERED** that plaintiff's motion for summary judgment is **GRANTED**; and it is

    **FURTHER ORDERED** that defendant's motion for summary judgment is **DENIED**;

and it is

    **FURTHER ORDERED** the above-captioned matter is remanded to the Air Force for

further proceedings consistent with the Court's Memorandum Opinion.

_Ellen S Huvelle_
**ELLEN SEGAL HUVELLE**
United States District Judge

Dated: October 22, 2002



25

00021

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| LT. COL. RICHARD L. MILLER, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 03-1742 (RMC) |
| DR. JAMES G. ROCHE, SECRETARY OF THE AIR FORCE, | ) | |
| Defendant. | ) | |

## MEMORANDUM AND OPINION

On August 15, 2003, Lieutenant Colonel Richard L. Miller, United States Air Force, filed suit under 10 U.S.C. § 628 and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, seeking an appointment to Senior Service School ("War College"). Lieutenant Colonel Miller claims that the Air Force's decision not to appoint him to the War College was procedurally flawed. He contends that the Court may properly order an appointment to remedy these procedural defects and redress persistent professional obstacles caused by an error committed in an earlier promotion decision.

The Air Force has filed a motion to dismiss or, in the alternative, for summary judgment. Lieutenant Colonel Miller has filed a cross-motion for summary judgment. The Air Force's motion will be denied. Lieutenant Colonel Miller's cross-motion for summary judgment will be granted in part and denied in part. The case will be remanded to the Air Force because the record provides no rationale for the 2002 Special Selection Board's decision not to select Lieutenant Colonel Miller for resident attendance at the War College.

00022

## BACKGROUND

From 1990 to 1994, Lieutenant Colonel Miller, then Major Miller, was attached to the United States Central Command ("CENTCOM"). CENTCOM is a "joint" service command in which military personnel work with, and are supervised by, officers from the various services. According to Lieutenant Colonel Miller, the promotion recommendation process in this "joint command environment" was "especially convoluted." AR 14-15. As a result, a number of Army officer evaluations were not considered during his 1992 and 1993 lieutenant colonel promotion boards and "severely lessened his competitiveness for a [Definitely Promote] recommendation[.]" AR 17. After receiving only "Promote" recommendations, then-Major Miller was twice "non-selected" for promotion and was scheduled for mandatory retirement. AR 15.

Prior to his scheduled retirement, then-Major Miller initiated an appeal with the Air Force Board for Corrections of Military Records ("Corrections Board"). He asked that it amend the Promotion Recommendation Forms in his file to reflect an overall recommendation of Definitely Promote instead of Promote. AR 25, 28. His appeal alleged that the promotion boards erroneously considered an incomplete file in reaching their Promote recommendation. Promotion to the rank of colonel is highly competitive and, absent a Definitely Promote recommendation, unlikely. While his appeal was pending, then-Major Miller was involuntarily retired on September 1, 1994.

After more than two years of delay, the Corrections Board acknowledged that his records "did not include his Army officer evaluations" and recommended on August 15, 1996 that the promotion recommendation decision be revisited and determined on a more complete record. AR 24, 25. The Corrections Board also recommended that he be given consideration for promotion to lieutenant colonel by a Special Selection Board if the Management Level Evaluation Board

-2-

determined that he should have received a Definitely Promote recommendation.

Almost three years after this initial determination by the Corrections Board, the Air Force Personnel Center notified Mr. Miller that his Promotion Recommendation Forms had been upgraded to Definitely Promote. On May 29, 1999, a Special Selection Board selected him for promotion to the grade of lieutenant colonel retroactive to March 1, 1994. Although Lieutenant Colonel Miller had been in forced retirement since September 1994, he requested and was given leave to return to active duty in the fall of 1999.

Concerned that a six-year gap in his service record could hamper his professional aspirations, on August 14, 1999, Lieutenant Colonel Miller submitted an addendum to his original appeal to the Corrections Board, seeking "reconstitution of [his] Official Personnel Record to show competitive and productive continuous service" and consideration for promotion to colonel at the date of first eligibility. AR 30. On November 2, 1999, the Corrections Board responded, refusing to "manufacture" performance reports to cover the six-year break in service. It did, however, fashion a partial cure, recommending that an Air Force Form 77 be inserted into Lieutenant Colonel Miller's record to indicate that no performance reports were "available for the period when he was not serving on active duty," *id.,* along with a statement that "'[r]eports for this period [are] not available for administrative reasons which were not the fault of the member.'" AR 31. That same day, the designee of the Secretary of the Air Force issued an order ("1999 Secretarial Order") that adopted the recommendations of the Corrections Board.

> Having received and considered the recommendation of the Air Force Board for Correction of Military Records . . ., it is directed that:
>
> The pertinent military records of the Department of the Air Force relating to RICHARD L. MILLER . . . be corrected to show that:

-3-

00024

a. He was not retired on 1 September 1994 in the grade of major, but on that date was continued on active duty and was ordered permanent change of station to his home of record (home of selection) pending further orders.

b. An AF Form 77, Supplemental Evaluation Sheet, be prepared and inserted in the record in its proper sequence indicating that no performance reports are available for the period when he was not serving on active duty and containing the statement, "Reports for this period not available for administrative reasons which were not the fault of the member."

c. Any nonselections for promotion to the grade of colonel in the primary zone prior to receiving a minimum of two Officer Performance Reports in the grade of lieutenant colonel be, and hereby are, set aside.

AR 32.  The final provision of the 1999 Secretarial Order was fashioned to help ensure that Lieutenant Colonel Miller had an opportunity to demonstrate his fitness for promotion to the rank of colonel.

Although the 1999 Secretarial Order contained a number of remedial measures, Lieutenant Colonel Miller considered them inadequate to repair the damage caused during his six-year hiatus from active duty.  Specifically, Lieutenant Colonel Miller believed that his opportunity for promotion and advancement was curtailed because he was not considered for selection to the War College during this six-year period.  Resident attendance at the War College is a critical consideration in the decision to promote a lieutenant colonel to colonel.  Lieutenant Colonel Miller was not considered for selection because the Military Education Branch of the Air Force Personnel Center was unwilling or unable to reconstruct the selection processes for the War College that had occurred during Lieutenant Colonel Miller's gap in service.

In an attempt to gain access to the War College, Lieutenant Colonel Miller petitioned the Corrections Board on April 16, 2001 for "full and complete correction" of his official personnel

00025

record to "provide[] equality within the peer group assigned . . . (Jul 93)."[1] AR 46. And, because "the deficiency in [his] official military record cannot be overcome" by the Air Force Personnel Center, Lieutenant Colonel Miller also asked the Corrections Board to order his selection for the War College. *Id.*

In February 2002, the Corrections Board declined to recommend a direct appointment to the War College, disagreeing that this relief was contemplated by the 1999 Secretarial Order. AR 10. It reasoned:

> Applicant and counsel seem to be seeking relief that will totally eradicate the existence and impact of the applicant's break in service . . . . [T]he correction process can only go so far to make an individual whole. The corrections to his record have necessarily created the situation of which he now complains. Retroactive dating to establish new dates of rank and pay dates to rectify errors or injustices is an integral part of the correction process. Yet, the down side of that process is that the officer qualifies for promotion consideration without having had the opportunity to build the record of performance that has been an ongoing process for his contemporaries. Nevertheless, when it becomes necessary to effect corrections involving the establishment of retroactive dates of rank, once made, those corrections must be accepted as final and conclusive for all purposes. Just as importantly, the process must end. Not every potential contingency or byproduct of the correction process can be remedied.

> Many of the items requested . . . seek to have the Board establish special rules or disregard existing rules and regulations to provide the applicant with the relief he is seeking . . . [including selection for the War College]. We do not support this approach . . . . He may never fully recover from the effects of a six-year gap in service. On the other hand, there is no guarantee that he would have attained the grade of colonel had he not suffered the errors and/or injustices that led to his separation from service. Hundreds of fully qualified officers who compete for promotion on a best-qualified basis do not attain the grade of colonel due to the limited number of promotion vacancies. Accordingly, we believe that any future promotions must be

---

[1] Upon his return to active duty, Lieutenant Colonel Miller was placed in the group of Air Force officers of his then-rank as of July 1993 for purposes of comparison and consideration for promotion.

0.0026

earned through the well established process that now exists and that the applicant has been provided the best opportunity that we can afford him, based on the circumstances, to compete and that no further relief is warranted.

AR 10. Although it found that direct appointment was not appropriate, the Corrections Board did fashion specialized relief for Lieutenant Colonel Miller. It recommended that a Special Selection Board consider him for the War College and set aside any existing non-selections for promotion to the grade of colonel.[2]

As recommended by the Corrections Board, the Air Force Personnel Center convened a Special Selection Board in September 2002 to consider Lieutenant Colonel Miller's candidacy for the War College. This process involved a competition on paper between Lieutenant Colonel Miller's record and the benchmark records of officers who were actually considered for appointment to the War College in 1993, the last year before his break in service. Lieutenant Colonel Miller's record and the benchmark records against which he was compared were limited to Officer Performance Reports and decorations. Two Air Force personnel forms and the Officer Selection Briefs were excluded from all records, in part because comparison records could not be located or reconstructed, and in part to preserve his anonymity. AR 316. The Special Selection Board did not select Lieutenant Colonel Miller for resident attendance at the War College. *Id.*

Despite the September 2002 Special Selection Board's decision not to select, Lieutenant Colonel Miller petitioned the Corrections Board in February 2003 for a direct appointment to the War College. He argued that the Air Force Personnel Center had failed to

---

[2] The record is unclear as to whether Lieutenant Colonel Miller had any non-selections for promotion to colonel as of February 2002. If so, this remedy was not insignificant. As his prior career demonstrates, upon the event of two non-selections for promotion, an Air Force officer is retired from active service.

-6-

00027

comply with the February 2002 Corrections Board directive because the process it employed violated various Air Force directives.  The Air Force Personnel Center then requested a determination from the Corrections Board as to whether it had fully satisfied the February 2002 directive.  On June 6, 2003, the Corrections Board issued an advisory memorandum to the Air Force Personnel Center stating that "[i]t is our determination that the actions taken as noted in your 11 Apr. 2003 memorandum fully satisfy our directive."  AR 327.  The Corrections Board informed Lieutenant Colonel Miller that it was denying his request for a direct appointment to the War College because "the Board previously considered this request and declined to grant it.  Consequently, it will only be reconsidered should he submit new and relevant evidence."  *Id.*; *see also* AR 320.

Lieutenant Colonel Miller filed suit in August 2003, seeking a judicial decree ordering the Air Force to send him to residential War College.  He advances "two separate and distinct assertions."  Pltf.'s Motion at 11.  First, he argues that the September 2002 Special Selection Board was "fundamentally flawed" because its procedures were invalid and because the "justification for not voiding the denial of [War College] by the [Special Selection Board] did not provide sufficient basis for the Court to make a determination of appropriateness under 10 U.S.C. § 628(g)(2)."  *Id.*  Second, he argues that his request for a direct assignment to the War College was proper and that the Corrections Board's "justification for not granting such relief was deficient as it provided no rationale . . . except that the [Air Force Personnel Center] had done what was required of it."  *Id.*

## LEGAL STANDARDS AND ANALYSIS

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no

-7-

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.[3]  FED. R. CIV. P. 56(c).  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Diamond v. Atwood*, 43 F.3d 1538, 1540 (D.C. Cir. 1995).  To determine if a fact is material, a court must look to the substantive law on which each claim rests. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  Any factual dispute must be capable of affecting the substantive outcome of the case to be "material" and "genuine." *Id.* at 247-48.  A party opposing summary judgment "may not rest upon the mere allegations of denials of his pleadings, but . . . must set forth specific facts showing that there is a genuine issue for trial." *Id.* at 248.

## JURISDICTION

Lieutenant Colonel Miller claims that, despite the Air Force's subsequent remedial measures, he continues to be plagued by the initial erroneous decision not to promote him from major to lieutenant colonel.  He argues that, because of the six-year gap in service, he missed the normal career window for consideration for the residential War College – training that is a critical factor in promotion decisions.  He proposes that an order placing him in the War College is the appropriate and necessary relief.  As an initial matter, the Court must determine whether it may properly consider the merits of his claim and issue such an order.

A court should not substitute its judgment regarding the merits of military personnel

---

[3]  Defendant has moved to dismiss Lieutenant Colonel Miller's complaint for failure to state a claim upon which relief can be granted and, in the alternative, for summary judgment. Because Defendant's motion to dismiss relies upon the administrative record and because the facts are not in material dispute, the Court will treat it as a motion for summary judgment. *See* FED. R. CIV. P. 12(B)(6) (motion to dismiss for failure to state a claim "shall be treated as one for summary judgment and disposed of as provided in Rule 56" where "matters outside the pleadings are presented to and not excluded by the court"). *See Richardson v. Rivers*, 335 F.2d 996, 998 (D.C. Cir. 1964) (same).

00029

decisions for that of the Armed Forces Secretary. Such decisions are discretionary "within the province of the President as Commander in Chief" and courts "have never assumed by any process to control the appointing power either in civilian or military positions." *Orloff v. Willoughby*, 345 U.S. 83, 90 (1953). Judicial intervention is not appropriate because "judges are not given the task of running the [military, which] . . . constitutes a specialized community governed by a separate discipline from that of the civilian. Orderly government requires that the judiciary be as scrupulous not to interfere with legitimate [military] matters as the [military] must be scrupulous not to intervene in judicial matters." *Id.* at 93-94.

An order directing an appointment to a coveted, competitive, and career-enhancing position in the War College would impermissibly intrude upon the province of the executive branch. Furthermore, beyond any concerns regarding the separation of powers, it is a simple truth that a "court is not competent to compare [plaintiff] with other officers . . . ." *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1995). Because this action "falls squarely within the realm of nonjusticiable military personnel decisions[,]"*id.* at 1511, this Court is "powerless to act," *Homer v. Roche*, 226 F. Supp. 2d 222, 225 (D.D.C. 2002), and will not order the Air Force to appoint Lieutenant Colonel Miller to the War College.

### ADMINISTRATIVE PROCEDURE

While the Court is limited in its ability to compel personnel decisions, the Court may properly evaluate the reasonableness of a decision and set aside an action under certain circumstances. Under the Administrative Procedure Act, an agency's action may be set aside if it is arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law. 5 U.S.C. § 706(s)(A); *see Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 416 (1971). The

00030

standard of review under the APA is narrow; it is even narrower in cases involving review of military personnel decisions.[4] *See Kreis*, 866 F.2d at 1513-14 ("unusually deferential" application of the arbitrary and capricious standard); *Cargill v. Marsh*, 902 F.2d 1006, 1008 (D.C. Cir. 1990) ("heightened deference" owed to Corrections Board decision); *Viles v. Ball*, 872 F.2d 491, 495 (D.C. Cir. 1989) ("The standard for review of Board judgments is exceptionally deferential."). "[O]nly the most egregious decisions" should be set aside by the courts. *Kreis*, 866 F.2d at 1514.

The determination on review is whether the decision making process was deficient, not whether the decision was correct. *Dickenson v. Sec'y of Defense*, 68 F.3d 1396, 1405 (D.C. Cir. 1995). *See also Kreis*, 866 F.2d at 1512 ("[W]e require only that the agency exercise its discretion in a reasoned manner, but we defer to the agency's ultimate substantive decision."). That the Court is deferential does not mean that it is a rubber stamp of approval. "The military's discretion may be broad, but . . . it is not boundless." *Homer*, 226 F. Supp. 2d at 226 (examining the standard of review under 10 U.S.C. § 628(g)(2)).

---

[4] The APA, 5 U.S.C. § 706(2) states that a reviewing court shall hold unlawful and set aside agency action, findings and conclusions found to be:

> (A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;
> (B) contrary to constitutional right, power, privilege, or immunity;
> (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right;
> (D) without observance of procedure required by law;
> (E) unsupported by substantial evidence in a case subject to sections 556 and 557 of this title or otherwise reviewed on the record of an agency hearing provided by statute; or
> (F) unwarranted by the facts to the extent that the facts are subject to trial *de novo* by the reviewing court.

5 U.S.C. § 706(2).

00031

1.    *Corrections Board Decision Denying Direct Appointment Was Proper*

Lieutenant Colonel Miller argues that the Corrections Board provided an insufficient justification for denying him a direct appointment to the War College. Opp. at 11. As the record is replete with reasons for this denial, Lieutenant Colonel Miller's argument is unfounded.

On February 15, 2002, the Corrections Board refused to recommend a direct appointment for Lieutenant Colonel Miller to the War College. Instead, it directed that a Special Selection Board be convened to compete Lieutenant Colonel Miller's record against those of his 1993 peers. The Corrections Board explained its decision at length and found that its role was not to "totally eradicate the existence and impact of [Lieutenant Colonel Miller's] break in service[.]" AR 10. Rather, "the correction process can only go so far to make an individual whole." *Id.* Furthermore, it did "not support" his proposals to have the Corrections Board "establish special rules or disregard existing rules and regulations" so that Lieutenant Colonel Miller could be appointed to the War College. *Id.*

In March 2002, Lieutenant Colonel Miller requested *de novo* review of this decision, AR 227, which was denied by the Corrections Board on April 9, 2002. AR 234. In June 2003, the Corrections Board again refused to recommend him for direct appointment to the War College, stating that it had previously denied the request and that Lieutenant Colonel Miller had presented no new information or evidence justifying reconsideration. AR 327, 320.

Under the deferential standard of review applicable here, the Court finds that the Corrections Board's February 2002 decision was not arbitrary or capricious and was adequately explained. It was not necessary to repeat the entire rationale in its April and June denials of Lieutenant Colonel Miller's requests for reconsideration. *See* AR 320, 10.

00032

2.    *2002 Special Selection Board Decision Denying Selection Was Not Flawed*

Lieutenant Colonel Miller also argues that the decision of the 2002 Special Selection Board that denied his selection to the War College was tainted by improper procedures. Specifically, he alleges that the Special Selection Board did not follow statute and regulation because it did not "have before it Plaintiff's record 'as that record would have appeared to the board that should have considered him.'" Opp. at 15 (quoting 10 U.S.C. § 628(a)(2)).

Lieutenant Colonel Miller correctly notes that the record was not identical to the one that would have existed in 1993. However, 10 U.S.C. § 628(a)(2) prescribes only the procedures for a Special Selection Board convened to determine "whether [a] person (whether or not on active duty) should be recommended for promotion." 10 U.S.C. § 628(a)(1). The 2002 Special Selection Board determined not whether he should be promoted, but whether he should be selected for resident attendance at the War College. [5]

As the Director of Personnel Program Management explained, a truncated record was necessary to ensure anonymity and ensure that the comparison of Lieutenant Colonel Miller's record to the benchmark records was properly calibrated.

---

[5] Although not applicable here, federal courts have explicit jurisdiction to review the actions of a Special Selection Board in promotion determinations. 10 U.S.C. § 628(g)(2) states that a court may set aside the action of a special selection board if the court finds that the action was:

      (A) arbitrary or capricious;
      (B) not based on substantial evidence;
      (C) a result of material error of fact or material administrative error; or
      (D) otherwise contrary to law.

10 U.S.C. § 628(g)(2).

00033

The SSB that convened on 9 Sep 02 did not select you for Senior Service
School (SSS) [War College] designation by the CY 93 (1 Nov 93) board.
Your Officer Selection Record (OSR) and the "benchmark" OSRs were
limited to Officer Performance Reports (OPRs) and decorations. Although
AF Form 90s were used during the Fall 1993 PME board, as temporary
forms, they were not retained with the benchmark records nor filed
electronically. Likewise, while we have every reason to believe OSBs were
used during the fall 1993 PME board, this form is not electronically stored,
maintained by the National Personnel Record Center (NPRC), or officially
maintained by my SSB Section for PME boards. Additionally, since the AF
Form 3849 was not used during the Fall 1993 PME board, we are prohibited
from introducing it into consideration based on the fact that it was not used
during the original board. It was determined that use of the AF Form 90
(*Officer Assignment Worksheet*), AF Form 3849 (*PME/AFIT Officer
Worksheet*) and Officer Selection Brief (OSB), would be excluded to
preserve your anonymity.

AR 316.[6] Under such conditions, the Court cannot find that the effort by the Air Force Personnel

Center to create the conditions for a proper decision was arbitrary, capricious, or in derogation of

law. The explanation for the use of a truncated record provided is rational, even if intensely

frustrating for Lieutenant Colonel Miller.[7]

     3.     *Failure to Provide Rationale for Special Selection Board Decision Requires Remand*

---

[6] In this same letter, the Air Force suggested, "if your Senior Rater nominates you as a
non-candidate for CY 1994, 1995, 1996, and 1997 [War College] designation, you will be
considered by a future [Special Selection Board] . . . [and] you will be scheduled to meet the first
available [Special Selection Board]." AR 315. However, by letter dated March 25, 2003,
Lieutenant General Steven R. Polk notified the Air Force Personnel Center that he is "not able to
re-construct data to compare [Lieutenant Colonel Miller] against year group peers [for CYs 1994,
1994, 1996, and 1997]. Consequently I am not able to make a recommendation on non-candidate
status for those years." AR 294.

[7] Lieutenant Colonel Miller had the opportunity to and did submit a letter to the 2002
Special Selection Board clarifying his record. It stated: "I have been advised by the Board's
Directorate that my selection jacket will not contain a replicated 1993 or later Officer Selection
Brief (OSB), or any other nomination document otherwise available in 1993 or later . . . . I am
providing herein the critical information that has been artificially omitted from my official
selection folder." AR 317.

Although a rational basis exists for the use of an incomplete file, the record of the denial by the Special Selection Board is infirm. The official decision of the 2002 Special Selection Board, dated October 22, 2002, states only that "[t]he SSB that convened on 9 Sep 02 **did not select** Lieutenant Colonel Miller for Senior Service School (SSS) [War College] designation by the CY 93 (1 Nov 93) board." AR 251 (emphasis in original). This cryptic message provides no rationale for the decision not to select Lieutenant Colonel Miller for resident attendance at the War College.

The Court is left with no basis for determining whether this decision was arbitrary and capricious, or fully reasoned. *See Dickenson,* 68 F.3d at 1405-06 ("But we cannot determine whether the decision making process was deficient until we are allowed to understand what that process was."). Because the record provides no basis to determine whether the 2002 Special Selection Board was arbitrary or capricious in its refusal to designate Lieutenant Colonel Miller to Senior Service School, its decision will be vacated and remanded to the Air Force for further consideration consistent with this opinion. *See id.* at 1407 (vacating and remanding where agency failed to provide reasoned decision). *See, e.g., Homer,* 226 F. Supp. 2d at 226 (remand proper where Air Force failed to provide an explanation of its decision; permitted to affirm earlier decision if it articulated its reasons).

## CONCLUSION

The plaintiff's motion for summary judgment is granted in part and denied in part. It is denied insofar as Lieutenant Colonel Miller asks the Court to order the Air Force to send him to a Senior Service School. It is granted insofar as it asks the Court to require a reasoned decision from the 2002 Special Selection Board. The defendant's motion for summary judgment is denied.

A separate order accompanies this opinion.

-14-

00035

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

LT. COL. RICHARD L. MILLER, )
)
Plaintiff, )
)
v. )      Civil Action No. 03-1742 (RMC)
)
DR. JAMES G. ROCHE, )
SECRETARY OF THE AIR FORCE, )
)
Defendant. )

## ORDER

For the reasons stated in the separate Memorandum and Opinion, plaintiff's motion for summary judgment is **GRANTED** in part and **DENIED** in part. It is denied insofar as Lieutenant Colonel Miller asks the Court to order the Air Force to send him to a Senior Service School. It is granted insofar as it asks the Court to require a reasoned decision from the 2002 Special Selection Board. The defendant's motion to dismiss or, in the alternative, for summary judgment is **DENIED**.

Because the record provides no basis to determine whether the 2002 Special Selection Board was arbitrary or capricious in its refusal to designate Lieutenant Colonel Miller to Senior Service School, its decision will be **VACATED** and **REMANDED** to the Air Force for further consideration consistent with the separate Memorandum and Opinion.

00036

**SO ORDERED.**

DATE: November 4, 2004.

/s/_____
ROSEMARY M. COLLYER
United States District Judge

00037

**4**



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

October 8, 2004

SFMR-RBR
CHAMBERS, CHRISTOPHER M.
AR2003099314

Major Christopher M. Chambers (Retired)



Dear Major Chambers:

I regret to inform you that the Army Board for Correction of Military Records has denied your application.

The Board considered your application under procedures established by the Secretary of the Army.  I enclose a copy of the Board's Record of Proceedings.  This decision explains the Board's reasons for denying your application.

This decision is final.  You may request reconsideration only if you can present newly discovered relevant evidence that was not available to the Board when it denied your application.

Sir

DEPARTMENT OF THE ARMY
BOARD FOR CORRECTION OF MILITARY RECORDS
1941 JEFFERSON DAVIS HIGHWAY 2ND FLOOR
ARLINGTON VA  22202-4508

OFFICIAL BUSINESS
ABCMR TEAM 5

REASON CHECKED
Unclaimed
Refused
Attempted Not Known
Insufficient Address
No Such Street
No Such Number
No Such Office in State
Do not remail in this envelope





MAJ CHRISTOPHER M CHAMBERS (RETIRED)
PSC 452 BOX 148
FPO AE



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

October 8, 2004

SFMR-RBR
CHAMBERS, CHRISTOPHER M.
AR2003099314

Major Christopher M. Chambers (Retired)
PSC 452 Box 148
FPO AE 09185

Dear Major Chambers:

    I regret to inform you that the Army Board for Correction of Military Records has denied your application.

    The Board considered your application under procedures established by the Secretary of the Army. I enclose a copy of the Board's Record of Proceedings. This decision explains the Board's reasons for denying your application.

    This decision is final. You may request reconsideration only if you can present newly discovered relevant evidence that was not available to the Board when it denied your application.

                      Sincerely,

                      Carl W. S. Chun
           Director, Army Board for Correction
             of Military Records

Enclosure

PRINTED ON ♻ RECYCLED PAPER



**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA 22202-4508

October 8, 2004

SFMR-RBR

MEMORANDUM FOR U.S. ARMY REVIEW BOARDS AGENCY SUPPORT
                DIVISION – ST. LOUIS, ATTN: SFMR-RBR-SL, 9700 PAGE
                AVENUE, ST. LOUIS, MISSOURI 63132-5200

SUBJECT: Army Board for Correction of Military Records Record of Proceedings
          CHAMBERS, CHRISTOPHER M., ▮▮▮▮▮▮, AR2003099314


      The application submitted by the individual concerned has been denied by the
Army Board for Correction of Military Records.


                                        Carl W. S. Chun
                                Director, Army Board for Correction
                                       of Military Records

Enclosures


CF:
(  )OMPF
(  )


PRINTED ON ♲ RECYCLED PAPER

00040

**DEPARTMENT OF THE ARMY**
BOARD FOR CORRECTION OF MILITARY RECORDS
1901 SOUTH BELL STREET 2ND FLOOR
ARLINGTON, VA  22202-4508

## RECORD OF PROCEEDINGS

IN THE CASE OF:  CHAMBERS, CHRISTOPHER M.

BOARD DATE:          28 September 2004
DOCKET NUMBER:  AR2003099314

I certify that hereinafter is recorded the true and complete record of the proceedings of the Army Board for Correction of Military Records in the case of the above-named individual.

Mr. Carl W. S. Chun
Mr. Jessie B. Strickland                              Director
                                                                  Analyst

The following members, a quorum, were present:

Mr. Fred Eichorn
Ms. Karen Y. Fletcher                          Chairperson
Mr. Ronald E. Blakely                          Member
                                                              Member

The Board considered the following evidence:

Exhibit A - Application for correction of military records.

Exhibit B - Military Personnel Records (including advisory opinion, if any).

ABCMR Record of Proceedings (cont)                    AR2003099314

THE APPLICANT'S REQUEST, STATEMENT, AND EVIDENCE:

1.  The applicant requests promotion reconsideration by a special selection board (SSB) to the rank of lieutenant colonel (LTC) under the criteria used by the Fiscal Year (FY) 2000 Army Competitive Category Promotion Selection Board and any other boards in which he was considered and non-selected.

2.  The applicant states, in effect, that his officer record brief (ORB) did not reflect that he had been redesignated into Functional Area 49, Operations Research/Systems Analysis (ORSA), which portrayed to the selection board that he was an operations officer who had no assignments in operations. Accordingly, he was not considered in the specialty in which he was working (ORSA).

3.  The applicant provides copies of the previous decision of the Board to grant him an SSB for promotion reconsideration under the criteria in effect for the FY 1999 LTC Army Competitive Category Promotion Selection Board, a copy of his ORB dated 17 December 2002, the results of his nonselection by the SSB, the letter approving his Functional Area redesignation, and three officer evaluation reports (OER) covering the period from 26 December 1998 through 21 December 2001.

COUNSEL'S REQUEST, STATEMENT AND EVIDENCE:

1.  Counsel requests that the applicant be reconsidered for promotion to the rank of LTC by a SSB convened under the same criteria used by the FY 2000 LTC Army Competitive Category Promotion Selection Board and any other boards that considered and failed to select him.

2.  Counsel states, in effect, that given the applicant's outstanding record, the SSB that failed to select the applicant for promotion acted arbitrarily in its denial and that the applicant is fully prepared to proceed with litigation in Federal Court. However, a new fact has been discovered which may allow the Board to direct reconsideration by a SSB for the FY 2000 LTC Army Competitive Category Promotion Selection Board and any other boards that considered and failed to select him based on the fact that after he (the applicant) successfully appealed an OER to the Officer Special Review Board (OSRB), which was granted on 10 July 1995 and contrary to the directions of the OSRB, the Total Army Personnel Command (PERSCOM) failed to update the applicant's records before his second consideration for attendance at the Command and General Staff Course (CGSC) and he was again non-selected, which dramatically altered the

2

00042

ABCMR Record of Proceedings (cont)                    AR2003099314

applicant's infantry career. As a result, he chose to branch transfer to Functional Area 49 (ORSA) in order to be more competitive as an officer and to align his branch designation with work he was then doing. His request was approved on 20 December 1999, after his first non-selection to LTC and he was informed that the changes should be reflected on his next ORB; however, such did not occur and the applicant was being looked at by selection boards as being in an operations functional area with nonoperational assignments. He goes on to state that had he been considered under the proper functional area, given his evaluation reports, his prospects for promotion would have been greatly enhanced.

3. Counsel provides a copy of the applicant's ORB dated 18 February 2004, indicating that on 28 September 2001, the applicant was designated as a Operations career field officer and that his previous career field was functional area 49.

CONSIDERATION OF EVIDENCE:

1. He was commissioned as a Regular Army infantry second lieutenant upon graduation from the United States Military Academy (USMA) at West Point on 25 May 1983. He was promoted to the rank of first lieutenant on 25 November 1984, to the rank of captain on 1 May 1987, and to the rank of major on 1 January 1995.

2. On 8 September 1999, the applicant submitted a request for reconsideration for promotion to the rank of LTC by a SSB, based on material error. He contended that an OER was missing from his Official Military Personnel File (OMPF) at the time he was considered and not selected for promotion.

3. On 28 February 2000, the Deputy Chief of Staff for Personnel, Special Review Boards responded to the applicant's request to the effect that the applicant had not exercised due diligence in correcting his records before the selection board reviewed them and that he had been notified on several occasions that a report was missing. Accordingly, the time had been deemed non-rated time until the applicant provided the report. Inasmuch as the applicant had not exercised reasonable diligence to correct his records, his request was denied.

4. On 18 July 2000, the applicant was notified that he had been twice nonselected for promotion to the rank of LTC; however, he had been selected for selected continuation on active duty.

00043

ABCMR Record of Proceedings (cont)                    AR2003099314

5.  The applicant applied to this Board in 2001, requesting that the missing OER be filed in his OMPF and that he be granted promotion reconsideration under the FY99 criteria.  The Board approved his request on 8 February 2002 and directed his promotion reconsideration by a SSB under the FY99 criteria.

6.  It appears that the applicant was not selected by the SSB and he was also not selected by the FY 2000 board and all subsequent boards up to his retirement.

7.  On 31 May 2003, the applicant was honorably released from active duty and was transferred to the Retired List in the rank of major, effective 1 June 2003. He had served 20 years and 6 days of total active service.

8.  A review of the ORBs dated in 2002 and 2004 show that the applicant's career field designation of "Operations" was made on 28 September 2001 and that his previous functional area was "49".  There is no indication in the available records to show what caused his functional area to change; however, his records do show that he volunteered for and performed a 4-month deployment in Afghanistan.

9.  His records also show that he served a tour in Germany, two short tours in Egypt and 4 months in Afghanistan.  He also served a tour at Fort Dix, New Jersey and three assignments at the USMA.

10.  Army Regulation 600-8-29 prescribes policies and procedures governing the promotion of Army commissioned and warrant officers on active duty.  Chapter 7 of that regulation provides the provisions for conduct of special selection boards (SSB).  It provides, in pertinent part, that in order to receive reconsideration by a SSB, a material error must exist in the officer's records that were previously viewed by a selection board.  A material error is one that had it been corrected prior to the time the officer was considered by the board that failed to recommend him or her for promotion, it would have resulted in a reasonable chance that the officer would have been recommended for promotion.  If determining a material error exists, reconsideration may be warranted based on the nature of the inaccuracy, the officer's overall record and the selection rate of the promotion board concerned.  Additionally, it is the individual officer's responsibility to review his or her ORB and OMPF before the board convenes and to notify the board, in writing, of possible administrative deficiencies in them.  Officers are expected to exercise reasonable diligence in discovering and attempting to correct deficiencies before consideration by a SSB is warranted.  As a guide, a SSB will be convened when in the judgment of the reviewing official (or body), a determination is made that there is a fair risk that one or more material errors

00044

ABCMR Record of Proceedings (cont)                    AR2003099314

caused an individual's nonselection by a promotion board.  The approval authority for active duty SSB applications is the Chief, Promotions Branch, Human Resources Command – Alexandria (HRC – Alexandria).

11.  That regulation also provides that promotion board members will not divulge details of the deliberative process (other than generalized description of board procedures) before, during, or after the board to outside parties, whether senior or subordinate member except as specifically directed by The Secretary of the Army or his or her designee.

DISCUSSION AND CONCLUSIONS:

1.  Although it is indeed unfortunate that the applicant was not selected for promotion, he has failed to show through the evidence submitted or the evidence of record, that he was not properly considered in the appropriate functional area or that it was the resultant cause of his non-selection.

2.  In any event, had the applicant exercised due diligence in reviewing his ORB prior to consideration, he would have made the correction to his ORB before he returned it and provided a written explanation to board members of any issues he wanted considered at the time.  There is no evidence to suggest that the applicant did so.

3.  Inasmuch as board members are not allowed to divulge the reasons for selection or non-selection, the applicant's contention that he was not selected because his functional area was incorrectly reflected on his ORB, is at best speculative on his part.

4.  The applicant was considered several times for promotion and had ample opportunity to ensure that his records were up to date and accurate and had the opportunity to address any issues in written form to the boards.  Accordingly, there appears to be no basis to grant him promotion reconsideration.

5

00045

ABCMR Record of Proceedings (cont)                     AR2003099314

BOARD VOTE:

_____ _____ _____  GRANT FULL RELIEF

_____ _____ _____  GRANT PARTIAL RELIEF

_____ _____ _____  GRANT FORMAL HEARING

_____ _____ _____  DENY APPLICATION

BOARD DETERMINATION/RECOMMENDATION:

The evidence presented does not demonstrate the existence of a probable error
or injustice.  Therefore, the Board determined that the overall merits of this case
are insufficient as a basis for correction of the records of the individual
concerned.


_____
CHAIRPERSON

6

00046