# UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher M. Chambers,   ) | |
| ) | |
| Plaintiff,   ) | Civil Action No. |
| ) | 1:07-cv-00440 |
| ) | ( RCL ) |
| v.   ) | |
| The Honorable Pete Geren,   ) | |
| Secretary of the Army,   ) | |
| ) | |
| Defendant.   ) | |

## PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff hereby moves for summary judgment pursuant to Federal Rule of Civil Procedure 56 because there is no genuine issue as to any material fact and Plaintiff is entitled to judgment as a matter of law. Plaintiff, in support of this motion, respectfully submits the attached memorandum of points and authorities in opposition to Defendant's Motion for Summary Judgment and in support of Plaintiff's Motion for Summary Judgment, statement of material facts not in genuine dispute, and proposed order.

Respectfully submitted,

*/s/ Gary R. Myers*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH  03281
Ph:  800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher M. Chambers, )<br>)<br>Plaintiff, )<br>)<br>)<br>)<br>v. )<br>The Honorable Pete Geren, )<br>Secretary of the Army, )<br>)<br>Defendant. ) | Civil Action No.<br>1:07-cv-00440<br>( RCL ) |

PLAINTIFF'S MEMORANDUM OF POINTS AND AUTHORITIES
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
AND IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

I.   INTRODUCTION

Plaintiff agrees with Defendant's "Introduction."

II.   SUMMARY OF THE ARGUMENT

The sole inquiry here is how to apply the judicial review mandate of 10 U.S.C. § 628 (g) (2) to the decision of a Special Selection Board (SSB) convened under 10 U.S.C. § 628 (1) in light of the disclosure prohibitions of 10 U.S.C. § 618 (f) which apply to SSBs.

The judicial review mandate of 10 § U.S.C. 628 (g)(2) allows for the set aside of an SSB action if the action was arbitrary or capricious; not based on substantial evidence; a result of material error of fact or material administrative error; or otherwise contrary to law.

The nondisclosure requirement of 10 U.S.C. § 618 (f) provides that the proceedings of a selection board convened under section 611 (a) of this title may not be disclosed to any person not a member of the board. This provision is applied to SSB's by 10 U.S.C. § 628 (g)(2).

There cannot be judicial review of undisclosed reasons for a decision. The nondisclosure provision speaks to proceedings, not reasons. Case law within this district has held that SSB proceedings cannot be opaque in view of the judicial review mandate. Further, reasons must be provided in specific not general terms. Accordingly the Army Board for Correction of Military Records (ABCMR) decision to affirm the SSB result in this case, which result contained no identifiable reasons, was defective as was the SSB itself. Plaintiff should be granted relief.

Plaintiff will not address the functional area 49 issue as Plaintiff is wrong on that issue based on documents supplied by the Defendant.

## III. STATEMENT OF FACTS

Plaintiff respectfully asks the Court to refer to Plaintiff's statement of Material Facts to Which there is no Genuine Dispute which has been filed simultaneously with this memorandum.

## IV. ARGUMENT

Plaintiff agrees with the content of Defendant's Standard of Review for Summary Judgment and Review is Limited Under the Administrative Procedure Act.

The statutory scheme in this case is uncomplicated. Officers get selected for promotion under the provisions of 10 U.S.C. § 611. Those recommendations are submitted to the secretary of the military service under 10 U.S.C. § 617. Under 10 U.S.C. § 618 the secretary reviews the promotion recommendation.

Under 10 U.S.C. § 618 (f) "proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board."

If an officer believes administrative error caused his or her denial of promotion, he or she may seek redress before a corrections board under 10 U.S.C. §1552. If relief is granted, 10 U.S.C. § 628(l) provides for an SSB which serves to replicate the promotion process with a corrected record. The nondisclosure language of 10 U.S.C. 618(f) applies to SSBs.

In 2001 10 U.S.C. §628 was amended to add 10 U.S.C. § 628 (g)(2). See, Pub. L. No. 107-107 §503 (b) (Dec 28, 2001). This section added an express provision for judicial review of SSB decisions.

Two cases within this Court have interpreted the application of the judicial review provision.

As a backdrop to those cases, the sole communication provided by Defendant to Plaintiff regarding Plaintiff's denial of selection is found at AR 93. It is reproduced below and is dated January 10, 2003.

"1.    This is in further reply to your request for correction of your Army records.

2. You were reconsidered for promotion to lieutenant colonel by a Department of the Army Special Selection Board under the same criteria and instructions established for the regularly constituted FY00 (sic – FY99) Lieutenant Colonel, Army Promotion Selection Board that recessed on 30 March 1999.

3. Regretfully, the board did not recommend you for promotion. Your promotion status as determined by the regularly constituted board remains unchanged.

4. Point of contact is Mrs. Pat Carroll, Promotions Branch, DSN 221-9216 or commercial (703) 325-9216."

In <u>Homer v. Roche</u>, 226 F. Supp. 2d 222 (D.D.C. 2002), this Court held that 10 U.S.C. §628 (g)(2) permits Plaintiff to challenge military SSB promotion decisions where Plaintiff challenges the military's justification for its refusal to promote. That is the case here.

The Court further held that the military, in promotion cases, must "give a reason that a court can measure, albeit with due deference, against the arbitrary and capricious standard of the APA," citing <u>Kreis v. Secretary of the Air Force</u>, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989).

The Court in <u>Homer</u> found that an SSB which failed to select Homer for promotion failed to give a reason for the denial and was, therefore, defective. The Court said that, "The military's discretion may be broad, but... it is not boundless." <u>Homer v. Roche</u>, 226 F. Supp. 2d at 226.

In a second case <u>Miller v. Roche</u>, 2004 U.S. Dist LEXIS 27549 (D.D.C., Nov. 4, 2004), this Court found that Miller's SSB was defective for failure to provide a rationale. There the SSB informed Miller that "[T]he SSB that convened on 9 Sept 02 <u>did</u> <u>not</u> <u>select</u> Lieutenant Colonel Miller for Senior Service School (SSS) (War College) designation by the CY 93 (1 Nov 93) board."

Nothing in the record allowed the Court a basis for determining whether the decision was arbitrary and capricious or fully reasoned.

In the instant case the Army informed Plaintiff that, "Regretfully, the board (SSB) did not recommend you for promotion." AR 93. The board did say that the criteria and instructions were the same for the SSB as were used in the underlying FY 99 board. AR93.

Criteria and instructions do not equate to a rationale. The ABCMR noted that the promotion standard was "best qualified" and that Plaintiff was obviously found not to be "best qualified." AR7. That rationale serves only to skirt the issue for it does not provide a reason specific to Plaintiff.

All the "best qualified" standard does is to note that selection standards are competitive. The ABCMR said:

> "However, there is a rational explanation for his (Plaintiff's) non-selection, which is that in the collective best judgment of the ... SSB members, although he (Plaintiff) was fully qualified, he simply was not competitive with those officers in the zones of

consideration who were selected for promotion under the 'best qualified' method." AR7.

In <u>Homer</u> the Court said, "merely pointing out that the selection process was competitive provides no actual reason for denying <u>promotion to any particular candidate</u>." <u>Homer</u> at 226. (emphasis added.)

Therein lies the fundamental point. The Defendant can recite chapter and verse how the system is supposed to work in general terms. Under no circumstances can the Defendant explain how it worked in Plaintiff's case. The simple truth is neither Plaintiff, Defendant nor this Court knows the reason in Plaintiff's particular case why Plaintiff was denied promotion by the SSB.

The case remains opaque to judicial review.

The ABCMR further concluded that regulation requires SSB members to keep confidential their reasons for recommending or not recommending any officer considered. AR 7. This position is contrary to 10 U.S.C. 628 (g)(2) and the holdings in <u>Homer</u> and <u>Miller</u>. If reliance was being placed on 10 U.S.C. 618 (f), it was misplaced as that provision merely prohibits disclosure of proceedings. It is silent as to disclosure or reasons for denial. To conclude that 10 U.S.C. § 618 (f) is a bar to disclosure of reasons for denial is to conclude that the judicial review amendment of 2001 found at 10 U.S.C. § 628 (g)(2) has no meaning.

Plaintiff is aware of <u>Richey v. United States</u>, 322 F. 3d 1317, 1327 (Fed. Cir. 2003). That case cannot be reconciled with Plaintiff's position or the holdings in <u>Homer</u> and

Miller. With due respect to the deciding Court in Richey, that decision effectively nullified the judicial review amendment to 10 U.S.C. § 628 and afforded deference to the military inconsistent with the facial meaning of the amendment.

## CONCLUSION

For the foregoing reasons summary judgment should be granted to Plaintiff.

Respectfully submitted,

*/s/ Gary R. Myers*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Christopher M. Chambers,<br><br>    Plaintiff,<br><br>        v.<br>The Honorable Pete Geren,<br>Secretary of the Army,<br><br>    Defendant. | Civil Action No.<br>1:07-cv-00440<br>( RCL ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS<br>TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to LCvR7 and in support of Plaintiff's Opposition to Defendant's Motion for Summary Judgment and Plaintiff's Motion for Summary Judgment, Plaintiff respectfully submits this Statement of Material Facts To Which There Is No Genuine Dispute. The Administrative Records submitted by Defendant is designated "AR." The numbering of the below paragraphs corresponds to Defendant's numbered paragraphs in Defendant's statement of material facts. Where Plaintiff agrees with Defendant's rendition of the fact the word "Agreed" is employed.

1. Agreed
2. Agreed
3. Agreed
4. Agreed
5. Agreed
6. Agreed

7. Agreed

8. Agreed

9. Agreed

10. Agreed

11. Agreed

12. Agreed

13. Agreed

14. The SSB did not provide reasons for its decision which would allow for judicial review of the decision.

15. Agreed

16. Agreed

17. Agreed

18. Agreed

19. Agreed

20. Agreed

21. Agreed

22. Agreed

23. Agreed

24. Agreed

25. Agreed

26. Agreed

27. Agreed

28. Agreed

29. Agreed

30. Agreed

31. Agreed

                                              Respectfully submitted,

*/s/ Gary R. Myers*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH  03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Christopher M. Chambers, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. |
| | ) | 1:07-cv-00440 |
| | ) | ( RCL ) |
| v. | ) | |
| The Honorable Pete Geren, | ) | |
| Secretary of the Army, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

For reasons stated in the separate Memorandum and Opinion, Plaintiff's motion for summary judgment is GRANTED. Defendant's motion for summary judgment is DENIED.

The decision of the Special Selection Board for FY99 not to promote Plaintiff is VACATED and REMANDED to the Army for further consideration consistent with the separate Memorandum and Opinion.

Royce C. Lamberth
United States District Judge

Copies to:
Parties via ECF