UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER M. CHAMBERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:07-cv-0440 (RCL) |
| | ) |
| THE HONORABLE PETE GEREN[1] | ) |
| Secretary of the Army, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT'S REPLY TO PLAINTIFF'S OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND OPPOSITION
TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Defendant respectfully submits this opposition to the cross-motion for summary judgment submitted by Plaintiff, and its reply to Plaintiffs' opposition to Defendant's motion for summary judgment. In support of this submission, Defendant relies upon the complaint, the administrative record, Defendant's opening motion and memorandum, Plaintiff's cross-motion and memorandum, and the following brief.[2]

## I. PRELIMINARY STATEMENT

Plaintiff asserts that the question before the court is "how to apply the judicial review mandate of 10 U.S.C. § 628 (g) (2) to the decision of a Special Selection Board ("SSB") .

---

[1] On July 16, 2007, the Honorable Pete Geren became the Secretary of the Army and is substituted for Francis J. Harvey pursuant to Fed. R. Civ. P. 25(d)(1).

[2] Citations in this brief to the Administrative Record are denoted as "AR __." Citations to Defendant's Motion for Summary Judgment are denoted as "Def. Br.__." Citations to Plaintiff's Opposition to Defendant's Motion for Summary Judgment/Plaintiff's Cross Motion for Summary Judgment are denoted as "Pl. Br.__."

1

. . in light of the disclosure prohibitions of 10 U.S.C. § 618(f)."[3] (Pl. Br. 1.) Plaintiff argues judicial review under § 628 (g) (2) would have "no meaning" if 618(f) prohibited the Army from detailing the specific reasons why the SSB denied Plaintiff his promotion. (Pl. Br. 6.) Contrary to Plaintiff's argument, requiring a promotion board to give a specific reason why Plaintiff was not promoted would contradict caselaw, Circuit court precedent, and Congress' express mandate that promotion board proceedings be kept confidential. Congress recently passed 10 U.S.C. § 613a clarifying its mandate that military selection boards maintain their confidentiality and not be used in judicial proceedings. Consistent with this congressional intent, in Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003), the Federal Circuit held that promotion boards are not required to give detailed explanations for their decision as long as the record reflects the military met the statutory requirements. For the reasons set forth below and in our previously filed motion, summary judgment in favor of the Defendant is appropriate.

## II. ARGUMENT

**A.    A Promotion Board Will Withstand Judicial Review if the Board Complies with all the Statutory Requirements**

Plaintiff cites two cases, Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002), and Miller v. Roche, 2004 U.S. Dist LEXIS 27549 (D.D.C., Nov. 4, 2004), in support of his assertion that in order to survive judicial scrutiny a SSB must provide specific reasons for not promoting Plaintiff. Plaintiff further argues that Richey v. United States, 322 F.3d 1317 (Fed Cir. 2003), is inapposite and cannot be reconciled with the holdings of Homer and Miller. Contrary to Plaintiff's assertions, Homer and Miller do not require promotion

---

[3] The disclosure prohibitions of 10 U.S.C. § 618(f) were recently clarified by Congress by passage of 10 U.S.C. §613a. See infra Section B.

boards to give a specific reason for denial, but only require that the SSB provide some explanation of how it exercised its authority so that a court can determine if the board acted in a rational manner. Properly understood, Homer, Miller and Richey, are all reconcilable with one another and consistent with Plaintiff's case. Plaintiff rejects this interpretation claiming that "[c]riteria and instructions do not equate to a rationale" and instead insists that a SSB "provide a reason specific to Plaintiff." (Pl. Br. 5.) Plaintiff alleges that requiring "SSB members to keep confidential their reasons for recommending or not recommending any officer considered . . . is contrary to [judicial review under] § 628(g) (2) and the holdings of Homer and Miller." (Pl. Br. at 6.) However, a careful reading of those cases does not support Plaintiff's expansive reading. Instead, those cases suggest that a SSB will not survive judicial review if the Court does not know if the SSB complied with the statutory requirements.

In both Homer v. Roche, 226 F. Supp. 2d 222 (D.D.C. 2002), and Miller v. Roche, No. 03-1742, 2004 WL 3257070 (D.D.C. Nov. 4, 2004), this Court remanded decisions by the Air Force Board of Corrections of Military Records, upholding SSB determinations. In each case this Court held that since no explanation or rationale for the SSB decision was given, it was impossible to determine whether the SSB decision was arbitrary or capricious. Miller at *7 (remand proper where the Court has no basis for determining whether this decision was arbitrary and capricious); Homer, 226 F. Supp. 2d at 226 (judicial review requires a court be given an "explanation of how the selection board exercised its authority and reached its ultimate decision".) Those cases are distinguishable from the instant case because in Homer and Miller, unlike this case, it appears the Court was not provided with the SSB report signed by all the board members,

3

the SSB criteria, and the SSB instructions, demonstrating that the board complied with all of the statutory requirements. (See Def. Br. Ex. A, Enc. 7.) This distinction is significant. The evidence in this case demonstrates that the SSB complied with all the statutory requirements and therefore exercised its authority in a rational and lawful manner. A proper reading of Homer and Miller enables a SSB to survive judicial scrutiny as long as the military provides the Court with enough information to determine that the SSB complied with the statutory requirements. This is the exact interpretation the Federal Circuit reached in Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003).

In Richey, the Court of Federal Claims initially held that a SSB's decision was arbitrary and capricious because it did not specifically indicate why a plaintiff was not chosen for promotion (the very argument Plaintiff raises here). In reversing, the Federal Circuit held that this type of specific explanation demanded by the Court of Federal Claims was not required because "the statute imposes no requirements on the SSBs to provide detailed findings, and the SSB reports here complied with the statutory requirements." Id. at 1326. The Richey Court further acknowledged that it should not require SSBs to meet additional reporting requirements because courts are not allowed to impose procedural requirements on an agency beyond the minimum statutory requirements. Id. at 1326-27 (citing Vt. Yankee Nuclear Power Corp. v. Natural Res. Def. Council, 435 U.S. 519, 548 (1978)). While the Federal Circuit indicated there might be certain circumstances where a SSB might be required to provide an explanation, the Court held that "[b]ecause of [the] presumption of regularity, the agency should not be required to provide an explanation unless that presumption has been rebutted by record

4

evidence suggesting that the agency decision is arbitrary and capricious."[4]  Id. at 1237. The Richey Court understood that the SSB procedures necessarily include the discussion and voting on the individual packets of each officer.  However, there are no transcripts of the proceedings and no formal or informal records are retained other than the board report and the board recommendation.  Thus, the documents establishing the criteria for selection of officers coupled with the signed final report of the board and its recommendations equate to the reasons that specific individuals were promoted.

In this instance, following the rule of Richey, the Army Board of Corrections of Military Records ("ABCMR") determined that the SSB followed the same criteria and instructions of a regular promotion board and had no evidence suggesting the SSB process was unfair. (AR 6-7.) The ABCMR also correctly noted federal law prohibits SSB members from disclosing the reasons for not promoting an individual (AR 7.)  Thus, the ABCMR correctly decided that there was no obligation to pierce the confidentiality

---

[4] In dicta, the Richey court rejected a categorical exclusion against ever reviewing the deliberations of a SSB.  However, that Court did not decide the issue because it held that requiring a specific explanation from a SSB is certainly inappropriate where there is an absence of actual record evidence suggesting the SSB process was unfair.  While 10 U.S.C. § 628(g)(2) gives federal courts judicial review over "the action of a special selection board," it does not follow that courts should review the actual deliberations of board members.  See In re England, 375 F.3d 1169 (D.C. Cir 2004) (civil discovery of promotion board proceedings would undermine the purpose of Section 618(f)). This is especially true in light of the recent adoption of §613a further clarifying Congress' intention to protect the deliberations of military board proceedings. See infra Section B. As this Circuit recently noted in Miller v. Department of the Navy, 476 F.3d 936, 940 (D.C. Cir 2007) there may be a need to "reconsider the appropriate content of the administrative record in light of the nondisclosure provision of the newly enacted 10 U.S.C. §613a and its impact on the pre-existing 'substantial evidence' judicial review provision of § 628(g)."  Id. at note 2.

5

requirements of §618(f )and provide a more detailed explanation by the SSB. The ABCMR concluded:

> [I]t is clear the applicant was fully and fairly considered for promotion by the SSB that reviewed his records for promotion. Further, the promotion non-selection notification he received was the same that is provided to every officer who is not selected for promotion. There was no evidence of irregularity in the SSB proceedings, nor is there evidence the applicant has been denied discovery concerning the record before the SSB. As a result, notwithstanding the court decisions rendered on the USAF officers provided by counsel, there does not appear to be any error or injustice related to either the promotion consideration or non-selection notification processes in this case. Thus, there is an insufficient evidentiary basis to amend the original Board decision in this case. (AR 7.)

As Richey held, this Court can conduct meaningful judicial review of a SSB by examining the stated criteria, the instructions, and the sworn report of the board. Absent a showing of material error of fact, material administrative error, or that the board did not have before it substantial evidence for its determinations, the presumption of regularity remains intact.

**B.    Congress Clearly Intends to Prevent the Disclosure of Selection Board Proceedings in Any Form, and Specifically From Use in Judicial Proceedings**

In addition to the Richey decision, Circuit caselaw and recent Congressional legislation further undermine Plaintiff's argument that a promotion board should be required to give a specific reason for Plaintiff's nonselection. In 2004, in the case of In re England, this Circuit held that 10 U.S.C. § 618(f) constitutes an absolute bar to the disclosure of promotion board proceedings in civil discovery. In re England, 375 F.3d 1169 (D.C. Cir. 2004). The rationale provided in that case applies with equal force in the APA context. Specifically, the Court held that "[d]isclosure of selection board proceedings in civil discovery would certainly undermine, if not totally frustrate, the purpose of Section 618(f). Id. at 1178. Moreover, "[i]f board members knew that

6

candidates passed over for promotion could gain access to board proceedings, that would clearly inhibit frank assessment of candidates' relative strengths and weaknesses." Id. For these very same reasons, Plaintiff is wrong in arguing that the Defendant must explain the specific motivations of the SSB in not promoting Plaintif. See id. at 226.

Notwithstanding this Circuit's In re England decision, in 2006, a judge on this Court determined that while 10 U.S.C. § 618(f) contained a strict confidentiality provision for *promotion* board deliberations convened under 10 U.S.C. § 611(a), the absence of a similar confidentiality provision of other military board deliberations, such as Selective Early Retirement boards convened under § 611(b), entitled plaintiffs to civil discovery. Adair v. Winter, 451 F. Supp. 2d 202 (D.D.C. 2006).[5] Shortly after the Adair decision Congress took immediate action to ensure that the proceedings and deliberations of all military selection boards–both promotion boards and other selection boards, were protected from disclosure in civil litigation. In October 2006, Congress deleted 10 U.S.C. § 618(f) and replaced it with 10 U.S.C. § 613a. See John Warner National Defense Authorization Act for Fiscal Year 2007, P.L. 109-364, Div A, Title V, Subtitle D, § 547(a)(1), 120 Stat. 2215 (amending 10 U.S.C. § 618 (2006) by striking subsection (f)). Formerly, §618(f) stated, "[e]xcept as authorized or required by this section, proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." See 10 U.S.C. § 618(f) (2006). The recent

---

[5] This is not an issue in this case because an SSB is a promotion board that directly applies the non-disclosure provisions applicable to promotion boards under § 611(a). See 10 U.S.C. § 628(c)(2). Plaintiff concedes this point in his brief: "The nondisclosure language of 10 U.S.C. 618(f) applies to SSBs." (Pl. Br. 3.)

7

amendment, descriptively titled, "Clarification of Nondisclosure Requirements Applicable to Certain Selection Board Proceedings" states:

> (a) The proceedings of a selection board convened under section 611 this title [10 U.S.C. § 611] may not be disclosed to any person not a member of the board.
> (b) Prohibited uses of board discussions, deliberations, and records. The discussions and deliberations of a selection board described in subsection (a) and any written or documentary record of such discussions and deliberations--
>   (1) are immune from legal process;
>   (2) may not be admitted as evidence; and
>   (3) may not be used for any purpose in any action, suit, or judicial or administrative proceeding without the consent of the Secretary of the military department concerned. P.L. 109-364, § 547(a)(1) (codified at 10 U.S.C. §613a.[6]

This clear pronouncement plainly asserts Congress' intent to protect the discussions, deliberations, and proceedings of selection boards.

Congress mandated that the federal courts exercise judicial review over SSB decisions. 10 U.S.C. § 628(c)(2). At the same time, Congress mandated that the military protect the confidentiality of promotion board proceedings, discussions, and deliberations, and prohibited their use in litigation. 10 U.S.C. § 618(f) and § 613a. The Richey Court properly reconciled these competing objectives by ensuring that both the military and the federal courts adhered to Congress' dictates. The administrative record and SSB report demonstrate that Plaintiff was fully and fairly considered for promotion by the SSB. There is no record evidence of irregularity in the SSB proceedings, nor is

---

[6] Congress took the further step of applying § 613a retroactively. "Section 613a of title 10, United States Code, as added by subsection (a), shall apply with respect to the proceedings of all selection boards convened under section 611 of that title, including selection boards convened before the date of the enactment of this Act." P.L. 109-364, § 547(c).

there evidence the Plaintiff was denied discovery concerning his record before the SSB. As a result, there is no error or injustice, and the ABCMR's decision was not arbitrary or capricious, an abuse of discretion or contrary to law or policy.

## II. CONCLUSION

For the foregoing reasons, the Defendant respectfully requests that this Court enter judgment in favor of the Defendant.

Respectfully submitted,

/s/
JEFFREY A. TAYLOR, D.C.
Bar # 498610
United States Attorney

/s/
RUDOLPH CONTRERAS, D.C.
Bar # 434122
Assistant United States Attorney

/s/
BRIAN C. BALDRATE
Special Assistant United States Attorney
Civil Division
555 Fourth St., N.W.
Washington, D.C. 20530
202-353-9895

Of Counsel:
MAJOR JOSHUA M. TOMAN
U.S. Army Litigation Division
901 N. Stuart Street, Suite 400
Arlington, Virginia 22203-1837
703-696-1627