## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Christopher M. Chambers,** )<br>)<br>**Plaintiff,** )<br>)<br>)<br>v. )<br>**The Honorable Pete Geren,** )<br>**Secretary of the Army,** )<br>)<br>**Defendant.** ) | **Civil Action No.**<br>**1:07-cv-00440**<br>**( RCL )** |

PLAINTIFF'S REPLY TO DEFENDANT'S REPLY TO PLAINTIFF'S
OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY
JUDGMENT AND TO DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION FOR SUMMMAY JUDGMENT

## ARGUMENT

Section 618 (f) of Title 10 was stricken by 10 U.S.C. § 613 (b)(2) and was replaced by 10 U.S.C. § 613 (a).

Under 10 U.S.C. § 613 (a) "proceedings of a selection board convened under section 611(a) of this title may not be disclosed to any person not a member of the board." It further provides that "[t]he discussions and deliberations of a selection board" shall not be used for any purpose in a judicial proceeding. Further, under 10 U.S.C. § 14104 (c)(a) the provisions of 613(a) were made applicable to "all selection boards convened under section 611 of that (Title 10) title, including selection boards convened before the date of the enactment of this Act."

Clearly 10 U.S.C. § 613(a) has retroactive application. The difficulty is that a due diligence search has failed to reveal any amendment to 10 U.S.C. § 628 (c)(2) making 10

U.S.C. § 613(a) applicable to SSBs. At the moment it appears that 10 U.S.C. § 628 (c)(2) applies 10 U.S.C. § 618 to SSBs without 618(f) which has been stricken, but does not apply 613(a). Plaintiff stands ready to be corrected on this point. Nonetheless if in fact 10 U.S.C. § 618(f) has been stricken and 10 U.S.C. § 613 (a) does not apply, it would appear that there is no prohibition against disclosure at the moment and therefore no rationale for why reasons for Plaintiff's denial should not be provided.

If 613(a) does apply through some interpretation or amendment, Plaintiff remains of the view that reasons are required for proper judicial review.

If an officer believes administrative error caused his or her denial of promotion, he or she may seek redress before a corrections board under 10 U.S.C. §1552. If relief is granted, 10 U.S.C. § 628(b)(1) provides for an SSB, which under 10 U.S.C. § 628 (b)(2) shall consider the corrected record.

In 2001 10 U.S.C. §628 was amended to add 10 U.S.C. § 628 (g)(2). See, Pub. L. No. 107-107 §503 (b) (Dec 28, 2001). This section added an express provision for judicial review of SSB decisions.

Two cases within this Court have interpreted the application of the judicial review provision.

In <u>Homer v. Roche</u>, 226 F. Supp. 2d 222 (D.D.C. 2002), this Court held that 10 U.S.C. §628 (g)(2) permits Plaintiff to challenge military SSB promotion decisions where Plaintiff challenges the military's justification for its refusal to promote. That is the case here.

2

The Court further held that the military, in promotion cases, must "give a reason that a court can measure, albeit with due deference, against the arbitrary and capricious standard of the APA," citing Kreis v. Secretary of the Air Force, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989).

The Court in Homer found that an SSB which failed to select Homer for promotion failed to give a reason for the denial and was, therefore, defective. The Court said that, "The military's discretion may be broad, but… it is not boundless." Homer v. Roche, 226 F. Supp. 2d at 226.

In a second case Miller v. Roche, 2004 U.S. Dist LEXIS 27549 (D.D.C., Nov. 4, 2004), this Court found that Miller's SSB was defective for failure to provide a rationale. There the SSB informed Miller that "[T]he SSB that convened on 9 Sept 02 did not select Lieutenant Colonel Miller for Senior Service School (SSS) (War College) designation by the CY 93 (1 Nov 93) board."

Nothing in the record allowed the Court a basis for determining whether the decision was arbitrary and capricious or fully reasoned.

Defendant attempts to marginalize and distinguish Homer and Miller and makes several points with regard to the prohibitions associated with now 10 U.S.C. § 613(a) and judicial review under 10 U.S.C. § 628(g)(2).

Firstly, there is a broad assertion that 613(a) prohibits the SSB from giving reasons for its denial. The prohibition language of the statute is "proceedings," "deliberations" and "discussions." Plaintiff agrees that to disclose such matters would have a chilling effect upon those charged with the serious business of selecting individuals for

3

promotion. Plaintiff does not focus upon "proceedings," "deliberations" and "discussions." Rather, Plaintiff focuses upon "reasons."

Reasons represent the basis for a decision, the end result, if you will, of "proceedings," "discussions" and "deliberations." Reasons do not require an examination of proceedings, deliberation or discussions. They stand alone. That is because reasons must be supported by facts, and facts are already in the record and available for all to see. Of course opinion would enter the mix, because opinion is frequently an extrapolation beyond fact, while still having its genesis in fact. So long as the opinion in the form of a reason for nonselection was sufficiently framed with specificity to allow for judicial review, it would survive that scrutiny.

Defendant asserts that what is available for review are the specific procedures in place for SSB's to include Memoranda of Instruction, briefings specific to a particular SSB, Department of Defense Directives and generic Army regulations.

None of these documents and briefings tells the observer the reason for nonselection. Even if the procedures as described were followed, there is no assurance that in a particular case the reason for separation would withstand judicial review.

Defendant relies heavily upon the presumption of regularity in the administration of SSBs and other military boards citing Richey v. United States, 322 F.3d 1317 (Fed. Cir. 2003) and Frizelle v. Slater, 111 F.3d 172 (D.C. Cir. 1997).

The presumption of regularity creates a permissible inference that the board acted properly in every respect because it followed established procedures. The Defendant's approach is that judicial review should be limited solely to provable errors in procedure.

4

This is so even though the internal proceedings are opaque to review. Reasons allow for insight into the proceedings without offending the intent of 10 U.S.C. § 613 (a).

Ultimately the inquiry becomes does the presumption of regularity trump the equally compelling requirement for reasons. <u>Kreis v. Secretary of the Air Force</u>, 866 F.2d 1508, 1514-15 (D.C.Cir. 1989).

<u>Homer</u> and <u>Miller</u> resolved the question in favor of requiring reasons to meet the judicial review requirement of 10 U.S.C. § 628 (g)(2).

Accordingly, <u>Homer</u> and <u>Miller</u> are not distinguishable from the instant case in any fashion. The Court in both cases was not looking to examine procedures. The Court was looking to examine reasons, specific reason, as to why those officers were not selected.

Defendant attempts to make much of what the <u>Homer</u> and <u>Miller</u> courts did not see. Each court saw the existing administrative record. The government did not attempt to supplement it or to show that procedures were enough to satisfy the judicial review provision of 10 U.S.C. § 628 (g)(2). The <u>Homer</u> and <u>Miller</u> courts saw enough to know that they had no idea why selection was denied.

Defendant further relies upon <u>Richey v. United States</u>, 322 F.3d 1317 (Fed. Cir. 2003), to suggest <u>Homer</u> and <u>Miller</u> were wrongly decided. <u>Richey</u> can not be reconciled with <u>Homer</u>, <u>Miller</u> or the prayer in this case. Plaintiff simply submits that to adopt <u>Richey</u> is to make meaningless the judicial review provision of 628 (g)(2).

In <u>Homer</u> the Court said, "merely pointing out that the selection process was competitive provides no actual reason for denying promotion to any particular candidate." <u>Homer</u> at 226.

Therein lies the fundamental point. The Defendant can recite chapter and verse how the system is supposed to work in general terms. Under no circumstances can the Defendant explain how it worked in Plaintiff's case. The simple truth is neither Plaintiff, Defendant nor this Court knows the reason in Plaintiff's particular case why Plaintiff was denied promotion by the SSB. The case remains opaque to judicial review.

## CONCLUSION

For the foregoing reasons summary judgment should be granted to Plaintiff.

Respectfully submitted,

*/s/ GRM/*

Gary R. Myers
Counsel for Plaintiff
DC Bar # 157115
78 Clark Mill Road
Weare, NH 03281
Ph: 800-355-1095
Fax: 603-529-3009
E-mail: myers@mclaw.us