UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CHRISTOPHER M. CHAMBERS, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 07-440 (RCL) |
| | ) |
| THE HONORABLE PETE GREEN, | ) |
| Secretary of the Army, | ) |
| | ) |
|    Defendant. | ) |
| | ) |

## MEMORANDUM OPINION

This matter comes before the Court on cross-motions for summary judgment. Upon consideration of the motions, the oppositions and replies thereto, the applicable law, and the record herein, this Court determines that defendant's Motion [11] for Summary Judgment should be GRANTED and plaintiff's Cross-Motion [20] should be DENIED.

### I.  BACKGROUND

Plaintiff Christopher M. Chambers is a retired United States Army Major. (Compl. ¶ 3.) Plaintiff was considered and not selected for promotion to lieutenant colonel by the Fiscal Year 1999 ("FY99") Lieutenant Colonel Army Competitive Category Promotion Selection Board. (R. at 139.) Plaintiff later learned that an Officer Evaluation Report ("OER")[1] was missing from his personnel file when it was considered by the promotion selection board. (*Id.*) On June 23, 2000, plaintiff petitioned the Army's Officer Special Review Board to have his OER be included in his record and to send the revised record to a FY99 lieutenant colonel Special Selection Board

---

[1] The OER is a periodic rating, consisting of a written evaluation of an officer's performance and promotion potential coupled with a numerical comparison to a representative sample of other officers of the same grade. (Def.'s Statement of Material Facts 2, n.1)

("SSB"). (Compl. ¶ 5.) Plaintiff then filed for relief with the Army Board for Correction of Military Records (ABCMR) seeking an SSB on the same grounds. (*Id.* at ¶ 7.) On February 8, 2002, the ABCMR granted plaintiff's request that the OER missing from his FY99 promotion file be placed into his official promotion files as they existed during the FY99 board, and that he be considered by an SSB under the criteria in effect for the FY99 board. (R. at 94, 106-07.) On January 10, 2003, plaintiff was notified that he was not selected for promotion by the SSB. (Compl. ¶ 9.)

On November 13, 2003, plaintiff filed a subsequent application with the ABCMR requesting an SSB for the FY00. (*Id.* at ¶ 10.) In that application, plaintiff alleged that his promotion file contained an erroneous functional area designation and that the file should be updated to reflect a Functional Area 49 designation. (*Id.* at ¶ 11.) On October 8, 2004, the ABCMR informed plaintiff that his application for an SSB was denied. (*Id.* at ¶ 13.)

Plaintiff filed a third application on April 11, 2005, seeking an SSB for FY99 alleging that the previous FY99 SSB did not provide a rationale for plaintiff's nonselection. (*See* R. at 10-11.) On March 14, 2006, the ABCMR informed plaintiff that his request for an additional SSB was denied. (*See id.* at 2–8.)

Plaintiff filed the instant action on March 5, 2007, seeking an order directing defendant to provide plaintiff with an SSB for the fiscal year 1999, and with an SSB for all lieutenant colonel selection boards between December 23, 1999 and plaintiff's retirement in 2003, with plaintiff's records being corrected to show Functional Area 49 as his specialty. (Compl. ¶ 18.) Specifically, plaintiff's complaint alleges the following: (1) ABCMR's refusal to grant plaintiff a second SSB for the FY99 board was arbitrary and capricious because plaintiff was not provided a

rationale for nonselection by the first SSB which denied selection on January 10, 2003; and (2) the improper functional area designation so prejudiced plaintiff that an SSB for any promotion boards after December 23, 1999, was required and therefore ABCMR's failure to provide such SSBs was arbitrary and capricious. (*Id.* at ¶¶ 16-17.)

## II.  ANALYSIS

**A.  Legal Standard**

    **1.  Summary Judgment Standard**

"Summary judgment is an appropriate procedure for resolving a challenge to a federal agency's administrative decision when review is based upon the administrative record." *Fund for Animals v. Babbitt*, 903 F. Supp. 96, 105 (D.D.C. 1995) (Friedman, J.). It must be emphasized that the Court's review is limited to the administrative record, which "includes all materials compiled by the agency that were before the agency at the time the decision was made." *James Madison Ltd. v. Ludwig*, 82 F.3d 1085, 1095 (D.C. Cir. 1996) (internal quotations and citations omitted); *see also Doyle v. England*, 193 F. Supp. 2d 202, 206 (D.D.C. 2002) (Urbina, J.); *Richards v. INS*, 554 F.2d 1173, 1177 n.28 (D.C. Cir. 1977).

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). The initial burden is on the movant to demonstrate the lack of a material fact dispute. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). A genuine issue of material fact exists if the evidence, when viewed in the light most favorable to the non-moving party, "is such that a reasonable jury could return a verdict for the nonmoving

party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, a party must provide more than "a scintilla of evidence" in support of its position; the quantum of evidence must be such that a jury could reasonably find for the moving party. *Id.* at 252. While the nonmoving party is entitled to all reasonable inferences in his favor, he may not rely solely on allegations or conclusory statements. *See Greene v. Dalton*, 164 F.3d 671, 675 (D.C. Cir. 1999). Rather, the nonmoving party must present specific facts that would enable a reasonable jury to find in its favor. *Id.* at 675.

   2.   **Limited Review Under the APA**

The Secretary's denial of an application for correction to a military board of records corrections is a final agency action reviewable under the Administrative Procedure Act. *See Miller v. Lehman*, 801 F.2d 492, 496 (D.C. Cir. 1986); *McDougall v. Widnall*, 20 F. Supp. 2d 78, 82 (D.D.C. 1998) (Green, J.). This Court's review of the Secretary's decision is subject to a "particularly deferential" standard. *Piersall v. Winter*, 435 F.3d 319, 325 (D.C. Cir. 2006). Decisions of a military records correction board "can be set aside if they are arbitrary, capricious, or not based on substantial evidence." *Chappell v. Wallace*, 462 U.S. 296, 303 (1983); *McDougall*, 20 F. Supp. 2d at 82 (holding that the decision by the AFBCMR is entitled to "great deference").

A reviewing district court must "determine only whether the Secretary's decision making process was deficient, not whether his decision was correct." *Kreis v. Sec'y of the Air Force*, 866 F.2d 1508, 1511 (D.C. Cir. 1989); *see also Motor Vehicle Mfrs. Ass'n. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983) ("the scope of review under the 'arbitrary and capricious' standard is narrow and a court is not to substitute its judgment for that of the agency"); *Mudd v.*

*Caldera*, 134 F. Supp. 2d 138, 141 (D.D.C. 2001) (Friedman, J.) (emphasizing the court's "limited role" and the "deference it owed" when reviewing a decision by the Secretary of Army under the APA).

To prevail, a plaintiff "must overcome the strong, but rebuttable, presumption that administrators of the military, like other public officers, discharge their duties correctly, lawfully, and in good faith." *Frizelle v. Slater*, 111 F.3d 172, 177 (D.C. Cir. 1997) (internal quotations omitted). "[T]he plaintiff has the burden of showing 'by cogent and clearly convincing evidence' that the decision was the result of a material legal error or injustice." *Doyle*, 193 F. Supp. 2d at 207 (citing *McDougall*, 20 F. Supp. 2d at 82).

**B.     The SSB's Duty to Report its Decision**

Plaintiff alleges that the ABCMR's refusal to grant plaintiff a second SSB was arbitrary and capricious because the first SSB provided plaintiff with no rationale for denying his promotion. (*See* Compl. ¶ 16.) As this Court recently held, in *Cochrane v. Wynne*, Civ. No. 07-0437, slip op. (D.D.C. Mar. 31, 2008), where the SSB submits a written report satisfying the statutory reporting requirements, a reviewing court may not require the SSB to meet additional reporting requirements beyond those mandated by § 628(c)(1). *Id.* at 6 (quoting *Richey v. United States*, 322 F.3d 1317, 1326 (Fed. Cir. 2003) (internal quotations omitted). Further explanation from the SSB under such circumstances is required only where there is record evidence to rebut the presumption of regularity. *Id.* at 6-7. Here, as in *Cochrane*, the evidence in the record shows that plaintiff's SSB complied with all of the reporting requirements set forth in § 628(c)(1). (*See* Def.'s Mem. Supp. Mot. Summ. J., Report, Ex. A, Encl. 7; R. at 6-7.) This Court therefore lacks authority to require the SSB to provide further explanation unless plaintiff presents record

evidence showing that the SSB's decision was arbitrary and capricious. *Cochrane*, slip op. at 7. Plaintiff has demonstrated no such record evidence, nor does plaintiff allege any facts in his complaint or in his pleadings to rebut the presumption of regularity.

Moreover, the ABCMR communicated its reasons for denying plaintiff's application for an SSB. (*See* R. at 2–8; *see also Cochrane*, slip op. at 6, n.2 (emphasizing that while agencies are generally required to provide sufficient explanation to allow the court to evaluate the agency's rationale at the time of decision, "an SSB's determination is not the agency's determination") (quotations omitted).) As this Court noted in *Cochrane*, the agency's "written explanation along with record evidence showing the procedures used by the SSB, is sufficient for this Court to 'discern the [b]oard's 'path,'' and to conclude that the agency's decision was not arbitrary and capricious." Slip op. at 6, n.2 (quoting *Dickson v. Sec'y of Defense*, 68 F.3d 1396, 1405 (D.C. Cir. 1995)). Indeed, plaintiff does not challenge whether the ABCMR's rationale for its decision is sufficient. Rather, plaintiff's claim relies upon his erroneous belief that the ABCMR is required to grant him another SSB because the first SSB gave him no detailed reasons for its decision.

**C.     Existence of Material Error Based on Plaintiff's Functional Area**

Plaintiff further claims that the Officer Record Brief ("ORB") in plaintiff's promotion file before the FY00 lieutenant colonel selection board incorrectly displayed his functional area. (Compl. ¶ 12.) Plaintiff asserts that he is entitled to an SSB for all lieutenant colonel selection boards between December 23, 1999 and his retirement in 2003, with a corrected record showing Functional Area 49 as his specialty. (*Id.* at 18.) Plaintiff's claim fails for several reasons. First, defendant asserts that it found no evidence that the ORB that went before the FY00 promotion

board contained any error.  (*See* Def.'s Mem. Supp. Mot. Summ. J. 19.)  Second, defendant further asserts that it determined that there was no material error even if the ORB did not accurately reflect plaintiff's functional area.  (*Id.*)  Finally, defendant argues that it was plaintiff's responsibility to exercise reasonable diligence in reviewing his ORB before it went to the board.  (*Id.* at 20.)  Plaintiff does not dispute any of defendant's arguments as to his functional area designation.  In fact, it appears that plaintiff has completely abandoned his challenge to his functional area designation, as his memorandum in support of his Motion for Summary Judgment and his opposition brief are both completely silent on this issue.  In light of these facts, plaintiff's request for reconsideration before additional SSBs must be denied.

### III. CONCLUSION

For the foregoing reasons, defendant's Motion [11] for Summary Judgment will be GRANTED and plaintiff's Cross-Motion [20] will be DENIED.

A separate order shall issue this date.

SO ORDERED.

Signed by United States District Judge Royce C. Lamberth, April 7, 2008.